# The Illinois Central Railroad Company

*v.*

## Green King.

*Opinion filed April 17, 1899.*

1. RAILROADS—*duty of railroad employees to trespassers.* One stealing a ride on a railroad train is a trespasser and gains no rights, but it is the duty of the company's servants to avoid inflicting willful or intentional injury upon him.

2. SAME—*when evidence tends to show that brakeman's act was willful.* Evidence that a brakeman pulled plaintiff from the brace-rods under a freight car where he was riding, dragged him out while the train was moving, cursed him and threw a stone at him, plaintiff's foot being run over and crushed during the act, tends to show that the brakeman's act was willful.

3. SAME—*extent of company's liability for brakeman's willful act.* A railroad company is liable for the willful act of a brakeman in putting a trespasser off the train where the duty of putting trespassers off is within the scope of his authority.

4. SAME—*when brakeman has authority to put trespassers off.* Testimony of a brakeman that his instructions were "to stop and put them off if we find some one beating their way; * * * when you put a man off you do not mean that you jerk him off—put him off; it means * * * we instruct him that he can't ride, and he gets off," shows that it is within the scope of his directions and duties to put trespassers off the train.

5. SAME—*when plaintiff's negligence is not an issue.* The negligence of the plaintiff in getting upon the brace-rods under a freight car to steal a ride is not an issue in an action by him to recover for the loss of a foot crushed while he was being dragged from his place by a brakeman when the train was moving.

6. INSTRUCTIONS—*when omission of element of recovery will not reverse.* The giving of an instruction for the plaintiff which, in summing up the essentials of recovery, omits the element whether the act of the servant causing the injury was within the scope of his authority, will not work reversal where the fact of such authority was conclusively shown by uncontradicted evidence.

*Illinois Central Railroad Co.* v. *King,* 77 Ill. App. 581, affirmed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Washington county; the Hon. B. R. BURROUGHS, Judge, presiding.

WILLIAM H. GREEN, (JAMES FENTRESS, of counsel,) for appellant.

VERNOR & CARSON, and J. A. WATTS, for appellee.

Mr JUSTICE CARTWRIGHT delivered the opinion of the court:

On September 7, 1897, appellee, a colored boy thirteen years old, was stealing a ride on a freight train of appellant running south from Ashley, Illinois. His home was in Jackson, Mississippi, and he was making his way to said place in that way. He got under the car between the box and the running gear and laid down on the iron rods which run lengthwise under the car, and was nearly midway between the ends of the car. After the train started a brakeman climbed down from the side of a car further forward, and as the train was running six or eight miles an hour he ran along by the side of the car where appellee was, cursing him, and reached under the car and caught appellee by the coat collar and pulled him out and threw a stone at him. In doing the act the right foot of appellee was run over and crushed so that it had to be amputated, and he brought this suit to recover damages for his injury. In the first and third counts of his declaration he alleged that the servant of defendant wantonly, maliciously and willfully threw him from the train to the ground, and in the second charged that while he was on the train with the knowledge and consent of servants of the defendant, they forcibly pushed and pulled him from the train of cars to the ground. The general issue was pleaded, and there was a trial, which resulted in a verdict for $2000, upon which judgment was entered. The Appellate Court affirmed the judgment.

At the conclusion of the evidence the defendant asked the court to instruct the jury to return a verdict of not guilty, and it is argued that this instruction should have

been given because there was a want of evidence tending to prove these essential facts: First, that the act of the brakeman was willful; second, that it was within the scope of the duties entrusted to him by defendant, so as to make defendant liable for his act. It is further contended the negligence of plaintiff was the proximate cause of the injury.

The liability of defendant to plaintiff for his injury is not founded upon any duty or obligation imposed by law arising out of the relations of the parties. Duties may arise from contracts or from relative situations in which parties are brought where they have relative rights, and here there was no right or corresponding duty arising out of such relation. Plaintiff was a trespasser, and defendant owed him no duty other than such as it owed to any stranger. But although he was a trespasser he did not forfeit the right which inheres in every person as against every other person in all conditions, that defendant should not willfully and intentionally inflict an injury upon him. The violation of the corresponding duty not to inflict a willful or intentional injury is usually punished as a public wrong, and the person injured may also recover for the private injury. Although plaintiff gained no right by being upon defendant's train as trespasser, and was wrongfully there, it was the duty of defendant not to injure him willfully or intentionally. *Illinois Central Railroad Co.* v. *Godfrey*, 71 Ill. 500.

There was evidence tending to prove that the act of the brakeman was willful. He pulled the plaintiff from under the cars when the train was running at a speed of six or eight miles an hour, and manifested his feeling and willingness to inflict a needless injury upon plaintiff by cursing him and throwing a stone at him.

The liability of defendant rests upon the further question whether the act of the brakeman was in the course of his employment and authority as a servant of the defendant. If he was acting within the scope of his duty

and employment the defendant would be liable for his act, although willful and malicious. (*Chicago City Railway Co.* v. *McMahon*, 103 Ill. 485.) There was no want of evidence to show that the brakeman did the act within the scope of his duty. He testified as follows: "Our instructions are to stop and put them off if we find some one beating their way. * * * No, sir; when you put a man off the train you do not mean that you jerk him off—kick him off. It means that when we find a man on the train we instruct him that he can't ride, and he gets off. That is as far as our directions run as brakemen." This evidence shows conclusively that it was within the scope of his directions and duties to put trespassers off the train.

The other question, whether plaintiff was negligent, was not relevant to the inquiry. If he had been injured in consequence of the very dangerous position in which he placed himself his negligence would have barred a recovery. But his injury was not in consequence of the dangers of his position on the rods, but because of the willful act of the brakeman in pulling him off while the train was running. A person is bound to use ordinary care to protect himself against the known dangers of his situation, but the law does not exact of him the exercise of care to protect himself against an intentional injury by another of which he has no notice. No one is bound to anticipate and guard against a willful and intentional wrong such as was committed in this case. The motion for the peremptory instruction was properly denied.

The remaining complaint made is, that the court gave to the jury the first instruction asked by the plaintiff, as follows:

"The court instructs you that if you believe, from the evidence, that the injury complained of was wantonly and willfully inflicted, as charged in the declaration, then the plaintiff will be entitled to recover, although you may believe, from the evidence, that plaintiff was guilty of some negligence."

This instruction is objected to because it purported to state to the jury the conditions under which plaintiff would be entitled to recover and under which they should return a verdict for him, and omitted the requirement of proof that the brakeman was acting within the line of his duty or within the scope of his employment. The law cannot assume, at least as to a subordinate employee on a train who is not entrusted with the general management and control of it, that he has control over passengers or persons attempting to ride or that he is entrusted by his employer with authority in respect to them or to eject them, and it was necessary to make the proof. (3 Elliott on Railroads, sec. 1255; *Farber* v. *Missouri Pacific Railroad Co.* 116 Mo. 81; *Corcoran* v. *Concord and M. Railroad Co.* 56 Fed. Rep. 1014.) The requirement of such proof was omitted from the statement of what would entitle the plaintiff to recover in the instruction. There were instructions given on the part of defendant which stated the correct rule, but they did not serve to cure omissions in this instruction, which purported to contain all the elements necessary to a recovery. In such a case the jury may follow either instruction, and if they find all the facts proved which are recited in an instruction purporting to give all the grounds of a recovery, they would be bound to return a verdict according to its directions without proof of the omitted fact. The instruction referred the jury to the declaration, which is said to be specific enough to obviate this objection. We have not held it error to refer to the declaration by an instruction which requires proof of all its allegations, and the practice of making such reference is, perhaps, not infrequent, but it is not to be commended. In Thompson on Trials the learned author, in defining the province of the court and jury, says (sec. 1027): "The construction of the pleadings is, of course, always a question for the court. * * * It is, therefore, the duty of the court to state the issues to the jury, without referring them to the pleadings to

ascertain what the issues are. \* \* \* It is error to leave the jury to construe and determine the effect of the pleadings." Again, in discussing the requirements of the law respecting instructions, he says (sec. 2314): "It is the duty of the court to determine what are the issues, and to state them to the jury, and it is error to refer them to the pleadings to determine the issues, in whole or in part." Again (sec. 2582): "Properly, the jury have nothing to do with the pleadings, and argument directed to the pleadings is addressed to the court. \* \* \* The pleadings are often drawn in technical language, which might not be correctly understood by persons unlearned in the law." In 11 Encyclopedia of Pleading and Practice (154) it is said: "The clear weight of authority is, that it is the province and duty of the court to state specifically to the jury what issues are raised by the pleadings, and that it is erroneous to refer to the pleadings to ascertain what the issues were; that the construction of the pleadings and the issues raised thereby are questions for the court alone, and not for the jury."

It is a proper office of an instruction to explain the issues and to state to the jury the facts from which a conclusion of law is to be drawn, and that is undoubtedly the better practice. But the reference, here, to the declaration could not supply the defects, both because there is no averment in the declaration that the brakeman was acting within the scope of his employment or duty or had authority to do the act, and also because the reference embraces nothing except the willful and wanton character of the act. All that it would be necessary for the jury to find would be that the injury was wanton and willful, as the declaration alleged it to have been. The defect in the instruction was not cured in any way, but we do not think the judgment should be reversed on account of it, because defendant was not prejudiced by the omission. The brakeman testified as to his authority and directions, and there was no contradictory evidence. It is not ground

for reversal that an instruction assumes as proven a fact conclusively established by the evidence without contradiction.    *Gerke* v. *Fancher*, 158 Ill. 375; 11 Ency. of Pl. & Pr. 132.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*