Anna McCormick

*v.*

Emma Kreinke.

*Opinion filed April 17, 1899.*

1. Ejectment—*when plaintiff's instructions are prejudicial to defendant.* Instructions in ejectment which direct that plaintiff may re-. cover if the jury believe her contention as to the location of the boundary line is correct are prejudicial to the defendant, where the latter's legal defense of adverse possession of the strip in controversy, which the evidence tends to support, is ignored.

2. Same—*when instructions do not fairly present the defense of adverse possession.* The question of defendant's twenty years' adverse possession of a strip of land in controversy in ejectment is not fairly presented to the jury under plaintiff's instructions allowing evidence of such possession to be considered in determining, "by the acts of the parties, * * * where the true boundary line is," and whether the boundary line had been fixed by agreement.

Appeal from the Circuit Court of LaSalle county; the Hon. Charles Blanchard, Judge, presiding.

Alfred R. Greenwood, for appellant.

Haskins, Panneck & Haskins, for appellee.

Mr. Justice Boggs delivered the opinion of the court:

This was ejectment brought by appellee, against appellant. The issues were submitted to and tried by a jury and verdict and judgment entered for appellee.

Appellant and appellee are owners of adjoining tracts of land in the same section, and separated by the half section line running east and west. The section line is the eastern boundary of each tract, and the land of appellant adjoins that of appellee on the south. The tract in dispute is a strip 83.3 feet wide along the section line on the east, and 56.1 feet wide at its western end, and is 594 feet in length. Appellee contended the south line of the strip in dispute is the half section line which sepa-

rates her land from that of appellant, and that the disputed strip is a part of the larger tract owned by her. Appellant presented two defenses: First, that the half section line which separates her premises from those of the appellee formed the northern boundary of the disputed strip, and that the tract in dispute is a part of the larger tract owned by her; and second, that the strip in dispute had been in the actual, adverse, hostile, exclusive and continuous possession of herself and her husband, through whom she held whatever title she had, for more than twenty years prior to the beginning of the suit, and that such possession was under claim of title.

The true location of the half section line, and the question whether the appellant and her husband, from whom she obtained title to the larger tract owned by her, had and held the possession of the tract in dispute for the period of time claimed, were the subjects of much inharmonious testimony. We have carefully read the evidence as preserved in the bill of exceptions. It is contradictory and conflicting, and presented an issue of fact upon each ground of defense to be solved by the jury. Counsel for appellee, speaking of the testimony, say that, "construed most favorably to appellant, it is, at best, conflicting." Possibly the remark was not intended to apply to the testimony bearing upon the defense arising out of the alleged possession of the strip by appellant and those from whom she derived title, for in another portion of their brief, speaking of the evidence bearing upon that defense, counsel for appellee say: "The evidence shows conclusively, with the possible exception of the testimony of appellant, that prior to the commencement of the suit appellant and her husband did not have possession of the land for more than ten years." If either position of counsel for appellee is accepted, it is manifest it was the right of appellant to have the question whether the evidence supported that branch of her defense submitted to the jury for its determination. The

court, however, at the request of the appellee, instructed the jury in instruction No. 2 in that behalf, that if they believed, from the evidence, the half section line was located as claimed by appellee, and that appellee had the legal title to that portion of the land which lay north of that line, it was the duty of the jury to find a verdict for the plaintiff, (appellee,) and in the same behalf instructed the jury as follows:-

3. "You are further instructed that the disputed question in this case is, where is the southern boundary line of the north-east fractional quarter of section 20, in township 33, north, range 1, east of the third principal meridian, in the county of LaSalle, Illinois; that the plaintiff claims it is at one place and the defendant claims it is at another place. You are to determine whether the plaintiff is right in her claim or whether the defendant is right in her claim. It is your duty, in determining this matter, to take into consideration all of the evidence introduced on the trial of this case, and if, after a careful consideration of all the evidence, you believe, from the evidence, that the boundary line is at the place claimed by the plaintiff, then it is your duty to find for plaintiff."

And after stating to the jury, in instruction No. 6 given at the request of appellee, that the value of the land was not to be taken into consideration by them, concluded the instruction as follows: "That the question is whether the boundary line between the two quarter sections of land in question is as the plaintiff claims it to be or as the defendant claims it to be, and if you believe, from the evidence, that such boundary line is as the plaintiff claims it to be, then it is your duty to find for the plaintiff." The defense based upon possession was not referred to in any other instruction given on the part of the appellee.

The appellant asked the court to grant instructions Nos. 14, 15, 16, 17, 18, 19, 20 and 25 presented in her behalf, which were devoted to the purpose of advising the

jury that if they believed, from the evidence, she and her husband, under and in connection with whom she claimed title to the tract in dispute by possession, as aforesaid, had held open, exclusive, adverse and uninterrupted possession under a claim of ownership for a period of twenty years prior to the beginning of the action, the plaintiff (appellee) could not recover but the verdict should be for appellant (defendant.) The court refused to grant any of such instructions.

The only reference in the instructions given by the court as to the effect of the alleged possession of the appellant is, that such possession was proper for the consideration of the jury in "determining by the acts of the parties to this suit, as shown by the evidence, where the true boundary line is," and that possession was a circumstance proper to be considered in determining whether the husband of appellant had consented to the fixing of a boundary line by agreement. The effect of the instructions was to withdraw from the consideration of the jury the defense of title by possession. This was a legal defense, was applicable to the case and the parties, and was supported by evidence which demanded it should be submitted to and decided by the jury. We do not concede it rested, as counsel for appellee assert, upon the testimony of appellant alone. We find statements in the testimony of eight witnesses other than the appellant, tending, more or less strongly and clearly, to support the defense. But the appellant was a competent witness in her behalf, and even if no other than herself had testified to the possession, it was for the jury to determine as to her credibility and as to the weight and value of her testimony. As, in the view we have taken of the case, it must be again heard by a jury, we refrain from discussing the evidence on this feature of the case. It is sufficient to say it tended to support the contention of the appellant and raised an issue of fact upon which she was entitled to the judgment of the jury.

It is conceded there is error in the verdict and judgment entered upon it, but it is asserted it is not prejudicial in character. As it will not occur again we need not advert to it.

For the reason indicated, the judgment must be and is reversed and the cause will be remanded.

*Reversed and remanded.*