## Chicago & Western Indiana R. R. Co. v. Theodore Ketchem.

1. RAILROADS—*Liability for the Unauthorized Acts of Brakemen.*— It can not be assumed that a brakeman has authority to remove trespassers from cars from the mere fact of his employment as such, and a trespasser who sues for injuries received while being ejected by a brakeman must, in order to recover, show that the brakeman had authority from the company to remove him and do the act which caused the injury.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the March term, 1901. Reversed. Opinion filed January 21, 1902.

**Statement.**—This is an appeal from a judgment rendered against appellant and the Louisville, New Albany & Chicago Ry. Co., now called the Monon. Appellant's railway, consisting of four tracks, ran south from Twelfth street in the city of Chicago, to Forty-ninth street, but it did not itself operate the railway or control its operation. By agreement between appellant and the Louisville, New Albany & Chicago Railway Co., the latter company operated the railway. July 11, 1896, between four and five o'clock P. M., a freight train of the last named company was running south on the railway mentioned. The train consisted of twenty freight cars and the engine. The crew were the engineer and fireman, two brakemen and the conductor. Appellee testified that about Twenty-third Place, where the train stopped at a crossing, he climbed the ladder to the top of a car, about the middle of the train; that he was on the side of the car facing west, with his feet hanging down by the side of the car. Appellee testified that after he got on the car the train commenced running pretty fast, and that about Twenty-sixth or Twenty-seventh street he saw a man coming along; that he guessed there were a lot of boys on top, back of him, and the man was running them off; that the man came to him and said, "You get off here," and he said, "I will not do it," when the man, apply-

ing to him an opprobrious epithet, said, " I will show you whether you will get off or not," and kicked him, appellee, in the face and cut his lip, and he fell off, hit against a fence, bounded under the train and was injured.   He testified that he heard that the name of the man who kicked him was Danger O'Brien; that he had a jumper and a straw hat on, and that, since the alleged injury, he had seen him on the train acting as brakeman, and had seen him in the court room that morning.   Conrad Hildebrand's evidence tended to corroborate the testimony of appellee about his being kicked off, but he did not know who kicked him. Robert Gunn, the conductor of the train, died before the trial.   There is no claim by appellee that any other than O'Brien, who was rear brakeman of the train, interfered with appellee.   His counsel affirmatively claims that O'Brien caused the injury.   Appellee was a trespasser on the train.   This is not disputed.   He himself testified that before getting on the train his intention was to go to Wentworth avenue and catch a street car, but he thought he would save five cents, and so he got on the train.   O'Brien testified that it was not his duty to put trespassers off the train unless directed so to do by the conductor, and that he never put a man off or ordered one off in his life.   The trial took place October, 1900, and O'Brien had quit the service of the L. N. A. & C. Ry. Co. in February, 1900.   John O'Halleran testified that he was head brakeman and O'Brien hind or rear brakeman of the train; that he was sitting in the door on the east side of the train, second car from the engine, and O'Brien was also on top on the same side of the train in the rear, on the car next in front of the caboose, when the train reached Twenty-first street; that he never saw appellee before he saw him in the court, and that south of Twenty-first street no accident occurred of which he had any knowledge.   Joseph Poole, towerman for the Ft. Wayne R. R. Co., testified that he saw O'Brien on the northeast end of the last car in the train as it passed Twenty-eighth street, and that when the train reached Twenty-ninth street O'Brien was sitting in the same place.   The

rules of the L. N. A. & C. Ry. Co. applicable to freight conductors and brakemen of freight trains were put in evidence, and among the duties of brakemen, the removal of trespassers from trains is not mentioned. In other words, this duty is not imposed on brakemen by the rules. J. S. McGarr, yardmaster of the operating company, testified that each member of the train crew had a copy of these rules; that it was his, McGarr's, duty to instruct as to the removal of trespassers from the trains; that he instructed the conductor to stop his train and put people off, when riding on the train, and that no instruction on the subject was given to brakemen. The witness, on cross-examination, testified as follows:

Q. " How many brakemen were in assistance to the conductor of that train?"   A.   "Always two."

Q.   "And it is their duty to assist the conductor in the operating of that train, of course, was it not?"   A.   "Yes, sir."

Mr. Esher:   "You mean to tell this jury and court that if a trespasser gets upon a passenger or freight train, there is no authority given to the train crew to eject that passenger or trespasser?"

A.   "Not while the train is in motion—they have no authority; the train must be stopped; our book of rules will show that."

Q.   " You have stated the rule is the train must be stopped and the trespasser put off?"   A.   "Yes, sir, of course."

Q.   " Whose duty is it to put them off?"   A.   "The conductor's."

Mr. Esher:   "Has the conductor any authority to instruct the brakemen to assist him in that regard?"   A. " He can call on his brakemen for assistance."

At the close of the evidence for the plaintiff, appellant's attorney moved the court to instruct the jury to find for the appellant, which motion the court overruled, and, at the close of all the evidence, moved the court to instruct the jury to find appellant not guilty, and tendered an instruction in writing to that effect, and the court overruled the motion, and refused to give the instruction. The jury found the defendants guilty and assessed the damages at the sum of $8,000, for which judgment was rendered.

G. W. KRETZINGER and L. L. SMITH, attorneys for appel·
lant.

RITCHIE, ESHER & KNOBEL, attorneys for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

It is not claimed by appellee's counsel, and in view of the
evidence can not be claimed, that the brakeman, O'Brien,
had express authority to remove trespassers from the train,
but counsel claim that the brakeman's authority so to do
was within the scope of his employment as brakeman, and
that the jury were warranted in so finding, and cites decis·
ions of other States to that effect.    But, whatever may be
the law in other States, we think it conclusively settled in
this State, that such authority can not be assumed to be
possessed by a brakeman, and that in the absence of proof,
it can not be inferred or implied from the nature of his
employment.    Ill. Cen. R. R. Co. v. King, 179 Ill. 91; C.,
R. I. & P. Ry. Co. v. Brackman, 78 Ill. App. 141.

In the first of the cases cited, a trespasser on a freight
train was injured by the willful and apparent malicious con·
duct of a brakeman in pulling him from the train.    The
following instruction was given by the trial court:

"The court instructs you that if you believe, from the
evidence, that the injury complained of was wantonly and
willfully inflicted, as charged in the declaration, then the
plaintiff will be entitled to recover, although you may
believe, from the evidence, that plaintiff was guilty of some
negligence."

Commenting on this instruction, the court say:

" This instruction is objected to because it purported to
state to the jury the conditions under which plaintiff would
be entitled to recover and under which they should return
a verdict for him, and omitted the requirement of proof
that the brakeman was acting within the line of his duty
or within the scope of his employment.    The law can not
assume, at least as to a subordinate employe on a train,
who is not intrusted with the general management and con·
trol of it, that he has control over passengers or persons
attempting to ride, or that he is intrusted by his employer
with authority in respect to them or to eject them, and it

was necessary to make the proof.   (3 Elliott on Railroads, Sec. 1255; Farber v. Missouri Pacific Railroad Co., 116 Mo. 81; Corcoran v. Concord and M. Railroad Co., 56 Fed. Rep. 1014.) "

The authorities cited by the court fully sustain the text of the opinion.

Numerous authorities are cited by appellant's counsel in line with the opinion of the Supreme Court quoted *supra*, to which we think it unnecessary to refer.   The case in 78 Ill. App., cited *supra*, is similar to the present, and directly in point.   O'Brien not having been expressly authorized to remove trespassers from the train, and this not having been within the scope of his employment as brakeman, neither the operating railway company nor appellant is liable for his acts in the premises.   For what one does not, either himself or by another, he is not responsible. Decisions in cases of assaults by railway employes on passengers riding on passenger trains have no application to such case as the present.   2 Wood on Railroads, 2d Ed., by Minor, Sec. 316; C. & E. R. R. Co. v. Flexman, 103 Ill. 550, 551.

We do not find it necessary to pass on the contention of appellant's counsel that if there is any liability of either railroad company, the Louisville, New Albany & Chicago Railway Company is solely liable.   Authority of O'Brien to remove appellee from the train being an element essential to recovery, and there being no evidence tending to prove such authority, but, on the contrary, the evidence being that he had no such authority, it was error to submit the cause to the jury.

The judgment will be reversed.