Bickel v. Martin.

---

## William Bickel v. George Martin.

### Gen. No. 4,395.

1. DOMINANT HERITAGE—*rights of owner of.* The owner of the higher land or dominant heritage is not only entitled to the natural flow of water therefrom upon the lower land or servient heritage, but he may tile-drain his higher land and thereby carry off the water in the natural channel, although the flow of water upon the lower land in that natural channel is thereby increased.

2. INSTRUCTIONS—*how meaning of, to be determined.* The test of an instruction is not what meaning ingenious counsel can afterwards at their leisure reason into it, but in what sense. under the evidence before them and the circumstances of the trial, would ordinary men and jurors understand the instruction.

Action on the case. Appeal from the Circuit Court of Marshall County; the Hon. THEODORE N. GREEN, Judge, presiding. Heard in this court at the April term, 1904. Reversed and remanded. Opinion filed August 24, 1904.

E. D. RICHMOND and WINSLOW EVANS, for appellant.

BARNES & MAGOON, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

In this action, Martin, the plaintiff, charged Bickel, the defendant, with conducting water to, and discharging it upon plaintiff's land through an artificial system of tile drainage upon defendant's land, not following any natural stream or water course, and that the water was so discharged in larger quantities at a time, and with more force and current than would have naturally been the case but for said tile drainage, and with collecting much water from other land not naturally draining over plaintiff's land, and discharging it upon plaintiff's land, to the ruin of plaintiff's crops. Plaintiff had a verdict and a judgment for $20, and defendant appeals. The judgment is small, but if sustained, it may be the basis for an injunction. The weight of the evidence seems to favor defendant, and hence the instructions should be correct to justify us in affirming the judgment.

The ninth instruction given at plaintiff's request is as follows:

" The court instructs the jury that if they believe from the evidence that the defendant has, by his artificial system of tile drainage, cast upon the plaintiff's lands a larger amount of water than would have come there naturally, without said artificial system of drainage, and has cast the same upon the plaintiff's lands with much more rapidity than the same would otherwise have come there, and with stronger force of current than would naturally otherwise have been the case but for such system of tile drainage, as charged in plaintiff's declaration, or some count thereof, and that thereby the plaintiff has been injured and sustained damages as alleged in the declaration, then you should find the defendant guilty."

The jury would naturally understand this to mean what is plainly expressed upon the face of the instruction, viz.: that if defendant by his tile drainage cast upon plaintiff's land more water, and with greater rapidity and with a stronger current than would have been the case if the tile had not been put in, and if this injured plaintiff, then they should find defendant guilty. This is not the law. It was laid down in Peck v. Herrington, 109 Ill. 611; that the owner of

the higher land or dominant heritage is not only entitled to the natural flow of water therefrom upon the lower land or servient heritage, but he may tile-drain his higher land and thereby carry off the water in the natural channel, although the flow of water upon the lower land in that natural channel is thereby increased. In Lambert v. Alcorn, 144 Ill. 313, the court said : "The owner of the dominant heritage has the right, by ditches and drains, to drain his own land into the channels which nature has provided, even if the quantity of water in that way thrown upon the next adjoining lower lands is thereby increased." The cases since Peck v. Herrington, where that rule was enforced, are there collected. In natural drainage over the surface of land some water must evaporate, and some must seep away and percolate through the soil, and such water will not reach the lower land at all. Tile drainage will not only increase the quantity of water cast upon the lower land, but such water will pass upon the lower land with greater force than where it runs over the surface of ordinarily flat land. Under this instruction, even if the jury found as proven what defendant's testimony strongly tended to establish, that defendant laid his tile drain in the course where the water naturally flowed, and drained by it no land which did not naturally drain along that course, yet as the jury must have found that thereby a larger amount of water was cast upon plaintiff's land than would have come there naturally, and with more rapidity and a stronger force of current than would have been the case if the tile had not been put in, and as there was no dispute but that this injured plaintiff's land, they were practically directed to find for plaintiff, although the facts so found do not in law give the owner of the lower land a cause of action.

It is urged that the words "as charged in plaintiff's declaration or some count thereof," used in said instruction, refer to the charge, "not following any natural stream or water course," contained in each count of the declaration, and that this supplies the defect. The object of an instruction is to convey information to the jury for immedi-

ate application to the subject-matter before them. The
test of an instruction is not what meaning ingenious coun-
sel can afterwards, at their leisure, reason into it, but in
what sense, under the evidence before them and the cir-
cumstances of the trial, would ordinary men and jurors
understand the instruction. Funk v. Babbitt, 156 Ill. 408.
The ninth instruction would naturally be understood by
the jurors to mean, and it does naturally mean, that if the
jurors believed from the evidence that a larger amount of
water was cast upon plaintiff's land than would have come
there naturally, and with more rapidity and a stronger
force of current, and that plaintiff was thereby injured, as
such matters were alleged in plaintiff's declaration, then
they must find defendant guilty. Ordinary men and jurors
would not naturally understand it to mean that if they
found those elements proved, and if they also found that
some other allegation of the declaration, not referred to
in the instruction, was proved, then they should find de-
fendant guilty. But if they would have so understood, how
can we know they would have understood that the partic-
ular words " not following any natural stream or water
course " were what must also be proved to entitle plaintiff
to recover ? There were other clauses of the declaration
omitted from the ninth instruction. There were state-
ments in the declaration that plaintiff's lands were higher
in places than part of defendant's lands; that plaintiff had
always theretofore cropped his land with good results; that
defendant intended to injure plaintiff; that defendant acted
without plaintiff's consent; that water stood on plaintiff's
land, etc. It is obvious that if this instruction turned the
jury loose in the declaration for some further element
which must be proved before they could find defendant
guilty, it is impossible to know what allegation the jury
would select and read into the ninth instruction. In I. C.
R. R. Co. v. King, 179 Ill. 91, an instruction told the jury
if they believed from the evidence " that the injury com-
plained of was wantonly and wilfully inflicted as charged
in the declaration, then the plaintiff would be entitled

to recover." There was omitted from the instruction the requirement of proof that the brakeman was acting within the line of his duty or within the scope of his employment. It was argued in support of the instruction that the reference therein to the declaration was specific enough to obviate the objection. . It was held that the reference to the declaration could not supply the defects because (besides another reason) " the reference embraces nothing except the wilful and wanton character of the act. All that it would be necessary for the jury to find would be that the injury was wanton and wilful, as the declaration alleged it to have been." In other words, the reference to the declaration was construed only to mean that if the jury found the facts in the instruction mentioned were proved as they were charged in the declaration then they were to find defendant guilty.

It is further argued that the defect in the ninth instruction was cured by one given for defendant which stated the law correctly, the insistence being that the court should regard all the given instructions as a series, the omissions of one being supplied by another. This is answered by Illinois Iron & Metal Co. v. Weber, 196 Ill. 526, where, in speaking of two instructions each of which omitted an element necessary to state a case for plaintiff and concluded that if the jury found the case proved as stated in the instruction they should find defendant guilty, the court said : " The error was not cured by any instruction in the case, and could not be. It has always been held that where the court directs a particular verdict if the jury should find certain facts, the instruction must embrace all the facts and conditions essential to a verdict. * * * Instructions may supplement each other and supply defects, but where an instruction directs a verdict upon certain conditions it must state the conditions correctly." I. C. R. R. Co. v. Smith, 208 Ill. 608.

For the error in giving the ninth instruction, the judgment is reversed and the cause remanded.

*Reversed and remanded.*