## Fred Ziegenhein, et al., partners, etc., v. Rose Smith.

1. ASSAULT—*when principal liable for, committed by his servant.* Where a servant in committing an assault was attempting in good faith, in his own way, to carry out the purpose for which he was employed, his principal is liable.

2. " DEFENDANT "—*when, construed " defendants."* Where the defendants in an action of trespass compose a copartnership, have interposed like defenses, and in their own joint instructions refer to themselves as " defendant," a verdict against the " defendant " will be construed to mean " defendants."

Action of trespass for assault. Appeal from the City Court of East St. Louis; the Hon. W. J. N. MOYERS, Judge, presiding. Heard in this court at the February term, 1904. Affirmed. Opinion filed September 9, 1904.

ALEXANDER FLANNIGEN, for appellants.

T. M. WEBB and LOUDEN & CROW, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a suit in trespass by appellee against appellants, Fred Ziegenhein, Morris Sternberger and Eugene Ziegenhein, partners, doing business under the firm name of Ziegenhein Furniture Company. The declaration charged that the defendants with force and arms assaulted, beat and permanently injured plaintiff. A subsequent amendment charged that defendants made the assault by their agents and servants. The defendants filed a joint plea of the general issue and on the trial there was a verdict in favor of plaintiff for $500, for which amount judgment was entered.

Appellants assert that the evidence failed to sustain the allegations of the declaration; that even if the evidence showed an assault upon appellee by a servant of appellants, such servant in making said assault was acting beyond the scope of his authority, and appellants were therefore not responsible for his acts; that if there was any liability on the part of the members of the firm for the action of their agent, it could only apply to that member who directed the agent to call on appellee; that the verdict was excessive and its form was such that it would not sustain a judgment against all of appellants.

Appellee testified that one Slack came, with another man, to her home on August 1, 1902, in a furniture wagon belonging to appellants to collect a bill claimed by him to be due appellants for some furniture she had bought of them on the installment plan; that she told Slack she had paid up to the 11th of July and another payment was not yet due, while he insisted that she was several months behind with her payments; that he said he would have either the money or the furniture; that she started into the house from the porch on which she was standing and ordered him off of the place; that he thereupon became angry, pulled her away from the door and threw her against the banister of the porch; that other persons interfered to prevent any further assault; that the other man got off of the wagon, directed Slack to come away and leave appellee alone, and Slack thereupon left; that appellee was severely injured by the assault, was in bed for a week and has never fully recovered. Appellee was corroborated in her testimony by a number of witnesses who saw the occurrence. The agent, Slack, testified that he was ordered to go and make the collection by Mr. Sternberger, a member of the firm; that he had a controversy with appellee concerning the bill and when he stepped on the porch she grabbed him and he simply pushed her away. The driver of the wagon also testified that appellee pushed or took hold of Slack first, and that he then shoved her back. The fact that Slack did throw or push appellee against the

banister of the porch is not contradicted, and the great weight of the testimony supports appellee's statement of the manner in which it occurred.

Was the agent, Slack, at the time of the assault, acting in good faith in the line of his employment for the furtherance of the business in which he was engaged and the interest of those by whom he was employed? He was sent to the house of appellee to collect money claimed by appellants to be due them. Meeting with some opposition in making the collection he became over-zealous, attempted to enter the house, threw appellee aside and injured her. There was no proof that appellants, or any of them, instructed their agent to commit the assault, but he was at the time undoubtedly attempting, in good faith, in his own way, to carry out the purpose for which he was sent. Under such circumstances there can be no doubt of the liability of the principals for the act of their servant. C., B. & Q. R. R. Co. v. Bryan, 90 Ill. 126; I. C. R. R. Co. v. King, 179 Ill. 91; Arasmith v. Temple, 11 Ill. App. 39; Dinsmoor v. Wolber, 85 Ill. App. 152.

Appellants claim that as the agent, Slack, was directed to make the collection by appellant Sternberger alone, the other members of the firm could not in any way be held liable for the trespass. Sternberger, in giving directions to Slack to collect the amount claimed to be due from appellee, was acting for his fellow-partners as well as himself, and was within the scope of the partnership business. Had any benefit been derived from the action of the agent it would have inured to the whole firm, and the other members of the firm are equally liable to appellee with Sternberger for any damages to which he may have subjected them.

The jury heard the testimony of the witnesses upon the subject of damages and saw appellee upon the witness stand. They were in a condition to judge of the seriousness of her injuries and we cannot say, especially in view of the fact that she had not entirely recovered at the time of the trial, which took place more than a year after the

assault was made upon her, that the damages assessed were excessive.

The form of the verdict found by the jury was as follows: "We, the jury, find the defendant guilty and assess the plaintiff's damages at five hundred dollars ($500)." Appellants insist that as there were three defendants and the verdict was returned against the "defendant" without specifying which one was meant, it was insufficient to support a judgment against either. Appellants were members of a partnership and, so far as appears from the record here, there was no attempt on the trial below to make special defenses for the different defendants. Two instructions were asked for and given by appellants, both of which told the jury that under certain conditions therein named, they should find "the defendant" not guilty. The jury in returning their verdict simply used the term which appellants had used to designate themselves and may have been misled thereby. There can be no doubt but that the jury intended to find all the members guilty. The rights and the liabilities of appellants were identical in this case, their pleadings were joint and although there was more than one defendant there was but one defense. The verdict settled all the rights involved and was responsive to the issues. Under such circumstances the use of the word "defendant" instead of "defendants" cannot vitiate the validity of the verdict. Bacon v. Schepflin, 185 Ill. 122; Knefel v. Daly, 91 Ill. App. 321; 22 Enc. of Pl. & Pr., 903.

The judgment of the court below will be affirmed.

*Affirmed.*