424     APPELLATE COURTS OF ILLINOIS.

Carlberg v. Spiegels House Furnishing Co., 178 Ill. App. 424.

## Augusta E. Carlberg, Appellee, v. Spiegels House Furnishing Company, Appellant.

### Gen. No. 17,095.

1. DAMAGES—*when not excessive.* Where the representatives of defendant, a furniture concern, selling goods on the instalment plan, unlawfully enter and search plaintiff's home, a judgment for $1,000 is sustained.

2. AGENCY—*when principal liable for wilful acts of agent.* A principal is liable for the wanton and wilful acts of its agents in the line of their employment and in the course thereof, while pursuing the business of the defendant.

3. DAMAGES—*when punitive, may be recovered.* Where the employes of defendant commit a trespass in entering plaintiff's house and assaulting her, it is proper to instruct the jury that they may give punitive or exemplary damages.

Appeal from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed March 25, 1913.

MAYER, MEYER, AUSTRIAN & PLATT, for appellant.

ALANSON C. NOBLE and QUIN O'BRIEN, for appellee.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

Appellee, hereinafter called plaintiff, recovered judgment in the Superior Court against appellant, hereinafter called defendant, for trespass in the wilful and wanton forcible entry of the home of plaintiff and an assault upon her by the servants of the defendant. The plaintiff, an elderly woman, was living with her husband at 573 East Fiftieth Place in the City of Chicago. Neither the plaintiff nor her husband had ever had any dealings with the defendant, and never had any of its goods in their possession or in their house. The defendant, a large furniture concern, sold goods on the instalment plan, and about a year prior to the

time of the occurrence complained of in the declaration, it sold a couch, a couch pad and couch cover to one Frank Trautman, who lived at 5621 Prairie avenue, Chicago. He paid some instalments on the purchase price, and then moved to some other address. His wife was plaintiff's daughter, but the daughter did not live with the plaintiff and had not lived with her since her marriage. In the fall of 1907, there was a small balance of the purchase price of the goods above mentioned remaining unpaid.

The evidence shows that the defendant kept a crew of men, called collectors, who were under the direct supervision of the manager of its collection department. They had wagons called "return goods wagons," and were sent out regularly by the manager of the collection department to collect instalments due to the defendant, and in default thereof, to seize and bring back the goods.

In October, 1907, the defendant, by its manager, sent its collecting crew to plaintiff's home with directions to collect the money due on certain furniture sold to Frank Trautman, or bring back the goods. Mr. Fort was the foreman of the crew. After several unsuccessful attempts to get into plaintiff's house, Fort went to the front door and rang the bell. This time the plaintiff opened the outer door of the vestibule, and, according to her testimony, was greeted with the statement, "We got you this time. I am here to get the couch and I am going to get it," and said he was going to search her house. This she refused permission to do, and undertook to close the inner door of the vestibule, but Fort put his foot in the door and threw himself against the door, and jammed the plaintiff between the door and the wall, and held her there until he called his assistants who came at his bidding. He there detained her, using force, while his men went through the house and searched it from room to room. In the meantime Fort indulged in abusive language to the plaintiff. Finding nothing they drove away.

The plaintiff, on the trial, recovered a judgment against the defendant for $1000, from which this appeal is prosecuted.

It is urged as a ground for reversal that the verdict and judgment was contrary to the great weight of the evidence. In that connection it is claimed that the preponderance of the evidence shows that the entry into plaintiff's house was peaceable, and the search was permitted and participated in by the plaintiff. Upon a careful examination of the evidence, we think that it justifies the verdict of the jury. We are unable to perceive any ground, upon the merits of the case, for interfering with the verdict and judgment.

The defendant is liable for the wanton and wilful acts of its agents in the line of their employment and in the course thereof, while pursuing the business of the defendant. Keedy v. Howe, 72 Ill. 133; Singer Mfg. Co. v. Holdfodt, 86 Ill. 455; Ziegenhein Furniture Co. v. Smith, 116 Ill. App. 80. The evidence shows that the employes of defendant were engaged in the business of the defendant at the time of the trespass for which suit was brought, and that their acts were wanton and wilful, and performed in the line of their employment and under the instructions of the manager of the collection department of defendant. The defendant is clearly liable for the acts shown in the record. Lake Shore & M. S. R. Co. v. Brown, 123 Ill. 162; New York Life Ins. Co. v. People, 195 Ill. 430. We are unable to say that the judgment in this case is so grossly excessive as to require a reversal.

It is urged that instruction No. 2, given at the request of the plaintiff, told the jury that if they believed from the evidence that a trespass was committed as charged in the declaration, they might give punitive or exemplary damages. The objection made is that there was no such trespass shown as charged in the declaration. There is evidence upon which to base the instruction.

We do not think instruction No. 3, given at the re-

quest of the plaintiff, is subject to criticism or is erroneous.

It is also urged that instructions Nos. 16 and 17, requested by the defendant and refused by the court, should have been given. In these instructions the jury were told that the plaintiff was not entitled to recover punitive or exemplary damages. It was not error to refuse these instructions, for the record contains evidence which warrants the recovery of punitive damages.

We find no substantial error in the record, and the judgment must be affirmed.

*Affirmed.*