# Timothy Cleary, Plaintiff in Error, v. Illinois Central Railroad Company, Defendant in Error.

## Gen. No. 7,055.

1. DIRECTING VERDICT AND DEMURRER TO EVIDENCE—*defendant's right to directed verdict as dependent upon insufficiency of plaintiff's evidence.* On motion for a directed verdict in favor of defendant, the court can only consider the evidence offered in support of plaintiff's case with all legitimate and natural inferences to be drawn therefrom and the motion should only be granted in case such evidence and inferences are wholly insufficient, if given full credit, to sustain a verdict for plaintiff.

2. RAILROADS—*liability for ejection of trespasser from freight train by brakeman having no authority.* A verdict for defendant is properly directed in an action against a railroad for injury sustained by a trespasser on its train who fell therefrom under the wheels where the plaintiff's evidence, given full credit and considered in its most favorable light with all natural and legitimate inferences which may be drawn therefrom, shows only that plaintiff was stealing a ride on a freight train and, while doing so, was ordered off by a brakeman who threatened to strike him and that, fearing the brakeman would carry out such threat, he attempted to alight and fell under the wheels but does not show that the brakeman had any authority to eject trespassers from the train, since the railroad is not liable for the unauthorized acts of its servants.

3. RAILROADS—*authority of brakeman to eject trespassers from freight train.* A freight brakeman is not shown to have authority to eject trespassers from his train where the only evidence thereof consists of the book of rules of the company which defines certain duties of the brakeman and provides that in the performance thereof and all other duties he is under the authority and direction of the conductor who is charged with the management and control of the train, and there is nothing in such rules giving brakemen express or implied authority to eject trespassers.

Error to the Circuit Court of Winnebago county; the Hon. ROBERT K. WELSH, Judge, presiding. Heard in this court at the April term, 1922. Affirmed. Opinion filed October 25, 1922.

ROY F. HALL and J. E. GOEMBEL, for plaintiff in error.

Fisher, North, Welsh & Linscott, for defendant in error; John G. Drennan, of counsel.

Mr. Presiding Justice Jones delivered the opinion of the court.

The circuit court of Winnebago county entered a judgment on a directed verdict in favor of the defendant in error. The declaration contained appropriate counts charging that the plaintiff was riding on a freight train in defendant's railroad yards near the City of La Salle; that the trainmen in charge of the operation of trains had, for a long time prior to the date of the accident to plaintiff, permitted boys of his size and age to board and ride trains and cars within said yards; that there was a general custom existing among such boys to ride upon said trains and cars and to get on and off thereof; that said custom had existed for many months prior to the date of plaintiff's injury with the knowledge and approval of the servants of the defendant and that the defendant knew of the custom; that the plaintiff boarded one of the freight trains of the defendant's to ride from one station to another and while the train was in motion, going at a high rate of speed, one of the servants of the defendant in charge of the train, and who had authority from the defendant to eject the plaintiff therefrom, negligently ordered the plaintiff to get off of said train and made a threatening motion to strike the plaintiff, whereupon, the plaintiff became afraid that said servant would strike him and plaintiff attempted to get off the train and, in so doing, fell under the wheels of the train and was run over, whereby he lost one of his legs.

There have been two trials of this case before a jury. The first one resulted in a verdict in favor of the plaintiff in the sum of $5,200. The court set aside the verdict and awarded a new trial. At the conclusion of all the evidence in the second trial the court

peremptorily instructed the jury to return a verdict in favor of the defendant. This cause is brought here by writ of error.

The accident occurred in the early part of the year 1908 when plaintiff was eleven years of age. This suit was not brought until he had reached his majority. The plaintiff was the only witness who testified in his behalf as to how the accident happened. He swore that he and certain other boys about his age had ridden on one of defendant's trains to a station north of La Salle called Midway and that after alighting from said train they saw another freight train going south towards La Salle. They boarded this train while in motion and plaintiff climbed to the top of one of the freight cars. Shortly thereafter one of the trainmen advanced towards him with a stick in his hand and in a threatening manner ordered him to get off the train. The plaintiff became frightened and, in an effort to obey the command, he slipped underneath the car and was injured as above stated. He did not know the name of said trainman but he gave testimony which tended to show that such trainman was a brakeman or flagman by the name of Donnelly. The identification was vaguely and indefinitely made.

The defendant offered testimony which tended to show that the story told by plaintiff as to how the accident occurred was a fabrication invented solely for the purpose of this suit; that he had not been upon the top of any freight car prior to the accident but was injured while attempting to board a moving train; that the brakeman above referred to was not on the top of any of the cars in said train just before the accident but was riding in the caboose and did not leave said car until after the accident occurred, when he got out of it and went to where the plaintiff was and rendered him first aid.

In considering a motion to direct a verdict for the defendant the trial court could not properly consider

the evidence in support of the defendant's contentions but could only consider the evidence which tended to support the material averments of the declaration, and if this evidence standing alone and unaffected by any other evidence in the case would be sufficient to sustain a verdict for the plaintiff, then the court should not have directed a verdict. (*McCormick v. Kreinke*, 179 Ill. 301; *Illinois Cent. R. Co. v. Bailey*, 222 Ill. 480; *Kelly v. Chicago City Ry. Co.*, 283 Ill. 640.) But if the evidence in the case, with all the legitimate and natural inferences to be drawn therefrom, was wholly insufficient, when credited, to sustain a verdict for the plaintiff, then it was proper for the court to direct a verdict for the defendant. (*Lake Shore & M. S. Ry. Co. v. Richards*, 152 Ill. 59; *Foster v. McKeown*, 192 Ill. 339; *Chicago & A. R. Co. v. Walker*, 217 Ill. 605.)

It has, therefore, been our duty to examine the record in this case to determine whether or not the court acted properly in directing a verdict. It will not be necessary for us to discuss whether or not the person who is alleged to have frightened the plaintiff off of the train was the brakeman, Donnelly. It is sufficient to say that the testimony of the plaintiff tended to show it was he who made the threats, if any were made. Neither is it necessary to enter into any discussion as to whether or not the plaintiff can set up the alleged custom in the face of the positive inhibitions of the statute against climbing on trains. (Chapter 114, ¶ 95, Cahill's Ill. St. 1921.) For it is said in *Illinois Cent. R. Co. v. King*, 179 Ill. 91, that: ''Although plaintiff gained no right by being upon defendant's train as a trespasser, and was wrongfully there, it was the duty of the defendant not to injure him wilfully or intentionally.'' And in this case even though it be conceded that no such custom prevailed or could prevail against the positive statute forbidding persons from climbing on trains and if it be also

conceded that the plaintiff was wrongfully upon the train, still, the defendant owed him a duty not to wilfully or intentionally injure him.

What the testimony of the plaintiff, when credited, tends to show is this: that he was a trespasser upon one of defendant's trains, that a brakeman on said train wrongfully and intentionally ejected him therefrom and in so doing caused him to receive the injuries complained of.

Proof of these facts alone is not sufficient to sustain a verdict in favor of the plaintiff. Such proof must go further and show that the brakeman had authority to eject the plaintiff. If he had no such authority then he would not be acting within the scope of his duties but outside of it and the defendant could not be held liable for his unauthorized act. We have carefully examined all the cited cases on this subject and it is well established by judicial decision in this State, as indeed it is in many other jurisdictions, that a brakeman has no implied authority to eject trespassers, but his authority to do so must be express.

This court in *Chicago, R. I. & P. Ry. Co. v. Brackman,* 78 Ill. App. 141, considered a case where the facts were much like those testified to by the plaintiff in this case. The decision in that case rested largely upon the question of the brakeman's authority to eject trespassers. A large number of cases upon the subject were therein reviewed and on page 157 of the opinion we said: "We have reached the conclusion that the prevailing rule, and the one supported by the greater weight of authority and by the better and stronger reasons, is that a freight train brakeman has no implied authority to eject passengers." The same question was again presented to this court in *Chicago, R. I. & P. R. Co. v. Moran,* 117 Ill. App. 42, and it was held that a railroad company is not liable for the conduct of its brakeman, acting without authority, in ejecting a trespasser from a moving train. The last-

mentioned case being again before this court and reported in 129 Ill. App. 38, the rule above announced was adhered to. To the same effect is the holding in *Illinois Cent. R. Co. v. Black*, 122 Ill. App. 439, decided by the Appellate Court of the Fourth District, as is also the holding in *Chicago & W. I. R. Co. v. Ketchem*, 99 Ill. App. 660, decided by the Appellate Court of the First District. All the above-cited cases find their chief support in *Chicago, M. & St. P. Ry. Co. v. West*, 125 Ill. 320, and in *Illinois Cent. R. Co. v. King, supra.*

The printed rules of the defendant, introduced on the trial of this cause, have been carefully examined by us, in order to ascertain whether or not the brakeman was authorized thereunder to eject trespassers. The rules relate to the management of trains and to the duties of the various trainmen. When they are all considered together, it will be found that the management and control of the trains and its movements are under the supervision and direction of the conductor; that certain duties of the brakeman are defined; that as to those prescribed duties and as to all duties to be performed by him he is placed under the authority and direction of the conductor. Nowhere do the rules by express language impose upon the brakeman the duty of ejecting trespassers, nor can it be said that any such duty may be inferred by implication from the language used in said rules. Inasmuch as such rules were the only evidence offered for the purpose of proving that the brakeman had authority to eject trespassers, we therefore conclude there was no evidence in this case tending to prove he had such authority. This defect is fatal to plaintiff in error's case. In *Chicago, R. I. & P. R. Co. v. Moran*, 117 Ill. App. 42, rules very similar to those offered in this case were before the court and we there held that they vested the brakeman with no such authority.

Assuming that all of the evidence in the case favorable to the plaintiff in error is true and extending to

it every reasonable inference which can be drawn therefrom, the proof was not sufficient to sustain a verdict in his behalf, and therefore the trial court properly gave a peremptory instruction to the jury to find the defendant not guilty. The judgment of the trial court is affirmed.

*Judgment affirmed.*