**BREMEN STATE BANK, Plaintiff-Appellant,**

v.

**HARTFORD ACCIDENT AND INDEMNITY COMPANY** and **Bekins Van & Storage Company,** Defendants-Appellees.

No. 17721.

United States Court of Appeals, Seventh Circuit.

April 30, 1970.

Rehearing Denied Aug. 5, 1970.

Thomas R. Schreiber, Paul Schreiber, Jr., Palos Heights, Ill., for plaintiff-appellant, Schreiber, Mack & Pieper, Palos Heights, Ill., of counsel.

Edward D. Lapperre, Vincent P. Reilly, Medard M. Narko, Chicago, Ill., for defendant-appellee, Hartford Accident and Indemnity Co., Russell, Bridewell & Lapperre, Chicago, Ill., of counsel.

Before SWYGERT, Chief Judge, DUFFY, Senior Circuit Judge, and FAIRCHILD, Circuit Judge.

SWYGERT, Chief Judge.

Plaintiff, Bremen State Bank, brought this diversity action in the district court to recover $10,342.03, which sum was lost during a move by the bank from one location to another within the village of Tinley Park, Illinois. On the day before the move the bank instructed its tellers to put their money at the end of the day in canvas bags on the floor of the vault rather than in metal lockers inside the vault, the usual practice. One teller, Mrs. Laucke, did not receive these instructions and thus put her cash drawer money, $10,342.03, in her metal locker instead of on the vault floor.

Arrangements had been made for the Tinley Park police to move the bank's money and for defendant, Bekins Van & Storage Company, to move the office equipment, including the metal lockers, inside the vault. After the police, under guard, had moved the money from the vault floor to the new location, Bekins' employees entered the bank and began their job. While removing some of the metal lockers from the vault, one of Bekins' employees, Danny Francis, noticed that something was inside one of the lockers. After placing them in a van, he opened the locker used by Mrs. Laucke and discovered the money. Francis fin-

ished working that day and later absconded with the $10,342.03, none of which was ever recovered.

Plaintiff's complaint contained two counts: Count I sought recovery against Hartford Accident and Indemnity Company on a "Banker's Blanket Bond" issued by Hartford to the bank; Count II sought recovery in the alternative against Bekins on the theory of respondeat superior. The district court granted summary judgment against the bank on both counts[1] and this appeal followed. We reverse as to Count I and affirm as to Count II.

I

 The banker's blanket bond issued by Hartford contained the following relevant clauses:

## ON PREMISES

(B) Any loss of Property through robbery, burglary, common-law or statutory larceny, theft, false pretenses, hold-up, misplacement, mysterious unexplainable disappearance, damage thereto or destruction thereof, whether effected with or without violence or with or without negligence on the part of any of the Employees, and any loss of subscription, conversion, redemption or deposit privileges through the misplacement or loss of Property, while the Property is (or is supposed to be) lodged or deposited within any offices or premises located anywhere, except in an office hereinafter excluded or in the mail or with a carrier for hire, other than an armored motor vehicle company, for the purpose of transportation.

\* \* \* \* \* \*

## IN TRANSIT

(C) Any loss of Property (occurring with or without negligence) through robbery, common-law or statutory larceny, theft, hold-up, misplacement, mysterious unexplainable disap-

---

1. All parties moved for summary judgment; there is no dispute as to any material fact.

pearance, being lost or otherwise made away with, damage thereto or destruction thereof, and any loss of subscription, conversion, redemption or deposit privileges through the misplacement or loss of Property, while the Property is in transit anywhere in the custody of any of the Employees or partners of the Insured or of any other person or persons acting as messenger except while in the mail or with a carrier for hire other than an armored motor vehicle company for the purpose of transportation, such transit to begin immediately upon receipt of such Property by the transporting Employee or partner or such other person, and to end immediately upon delivery thereof at destination.

The bank claims coverage only under Clause B, arguing that the loss was occasioned through "misplacement" of the money. Hartford contends that although the money was misplaced "in a loose sense," the loss resulted through theft after the money had left the bank premises, and was therefore not covered by the bond. The fallacy of Hartford's argument lies in its reliance on the events which occurred after the money had been misplaced. We think it is plain from the language of the bond that a loss resulting from misplacement of money, regardless of subsequent events, was contemplated as being covered. Surely the bank's loss in the instant case would not have been suffered had it not been for Mrs. Laucke's misplacement of the money. The subsequent theft by Danny Francis resulted from that misplacement and does not take the loss out of the coverage of the bond.

To hold against coverage in this case would fly in the face of the intention of the parties when the blanket bond was purchased. It is well settled under the law of Illinois, as well as most other jurisdictions, that if an insurer does not intend to insure against a risk which is likely to be inherent in the business of the insured, it should specifically exclude such risk from the coverage of the policy. Canadian Radium & Uranium Corp. v. Indemnity Insurance Co., 411 Ill. 325, 334–335, 104 N.E.2d 250 (1952). This compliments the general rule that contracts of insurance should be liberally construed in favor of the insured and against the insurer. Farber v. Great American Insurance Co., 406 F.2d 1228, 1230 (7th Cir. 1969). We conclude that in the absence of specific language to the contrary, plaintiff's loss was occasioned by misplacement of the money as covered by the bond.

Hartford also argues that the exclusion contained in Clause B of the bond precludes recovery by the bank. The clause in question provides that property is not covered when it is placed "with a carrier for hire, other than an armored motor vehicle company, for the purpose of transportation." Since Bekins was a carrier, but not an armored car company, Hartford claims that the exclusion applies. We disagree.

The clause, by its own terms, does not apply to money which comes into the possession of a carrier unless it was so placed "for the purpose of transportation." There is no contention that the bank gave any money to Bekins for that purpose. Rather, the money in question was placed in Bekins' possession purely by accident and without the knowledge of anyone except Francis. Hartford's argument over the meaning of the language, "for the purpose of transportation," is directed more to Clause C than to Clause B, under which the plaintiff's claim is made. Of course, any ambiguity in the terms of the bond must be resolved in favor of the insured. Thompson v. Phenix Insurance Co., 136 U.S. 287, 297, 10 S.Ct. 1019, 34 L.Ed. 408 (1890); Chicago Terminal Clearance Inc. v. St. Paul Fire & Marine Insurance Co., 407 F.2d 552, 553 (7th Cir. 1969). We conclude that the exclusion in Clause B applies only when property is placed with a carrier for the purpose of transportation and such carrier is not

an armored car company. Accordingly, summary judgment should have been granted in favor of the plaintiff against Hartford.[2]

## II

■■ The bank's claim against Bekins rests on the theory that since Francis stole the money during the performance of his employment by Bekins the latter is civilly liable for the loss occasioned by the criminal act of its employee. We think the bank has misinterpreted the applicable Illinois law. Our reading of the cases leads us to conclude that the rule in Illinois is that the employer is liable for the negligent, wilful, malicious, or criminal acts of its employees when such acts are committed during the course of employment and in furtherance of the business of the employer; but when the act is committed solely for the benefit of the employee, the employer is not liable to the injured third party. Johanson v. Johnston Printing Co., 263 Ill. 236, 240, 104 N.E. 1046 (1914); Belt Railway Co. v. Banicki, 102 Ill.App. 642, 647 (1902).

Thus, an employer was not liable for the criminal act of its employee-watchman in setting fire to the building which he had been employed to guard, Apex Smelting Co. v. Burns, 175 F.2d 978 (7th Cir. 1949), or for the shooting of a trespasser who was leaving the employer's premises by a guard who was armed without the knowledge or permission of the employer, Belt Railway Co. v. Banicki, *supra,* or where the employee engaged in a fistfight for purposes un-related to his job, Horecker v. Pere Marquette R. Co., 238 Ill.App. 278 (1925), or where the employee-driver deviated from the route leading to the destination assigned by the employer, Boehmer v. Norton, 328 Ill.App. 17, 65 N.E.2d 212 (1946). On the other hand, the employer was held liable where an employee-brakeman who had been instructed to remove unauthorized riders on railroad cars wilfully and maliciously pulled a boy off a moving train, crushing the latter's foot in the process, Illinois Central R. Co. v. King, 179 Ill. 91, 53 N.E. 552 (1899), and where the employee mistakenly injured the plaintiff in defending the employer's property against robbers, Metzler v. Layton, 298 Ill.App. 529, 19 N.E.2d 130, aff'd 373 Ill. 88, 25 N.E.2d 60 (1939).

In the instant case, there is no contention that Francis stole the money in furtherance of the business of his employer. In fact, the money came into his hands by inadvertence and without the knowledge or permission of either his employer or the bank. Under Illinois law, therefore, the employer was not liable for Francis' act and the granting of summary judgment in favor of Bekins was correct.[3]

The judgment of the district court in favor of Hartford Accident and Indemnity Company on Count I of the complaint is reversed and the case is remanded with directions to enter judgment on that count in favor of plaintiff, Bremen State Bank. The judgment of the district court in favor of Bekins Van & Storage Company on Count II is affirmed.

---

2. We find that Hartford's refusal to pay the plaintiff's claim was not vexatious and without reasonable cause. Accordingly, plaintiff is not entitled to attorney's fees under Ill.Rev.Stat. ch. 73, § 767.

3. We find no merit in the plaintiff's further contentions regarding Bekins' representations concerning the qualifications of its employees and the duty owned by a common carrier.