### Illinois Central Railroad Company v. Luther M. Black.

1. PUNITIVE DAMAGES—*what essential to recovery of, against carrier.* In order to recover punitive damages from a carrier, it is essential that it appear that the employe of the carrier charged as guilty, was acting within the line of his service or duty.

2. EJECTION OF PASSENGER—*authority of brakeman for, must be proved.* The authority of a brakeman to put a passenger off a train will not be presumed, but must be proved.

3. TRESPASSER—*particular instruction as to non-liability of railroad company for ejection of, approved.* An instruction as follows :

"The court instructs the jury, that if you believe from the evidence, that Luther M. Black got upon the train in question without any intention of paying his fare, but intending to beat his way, and that he was

put off or pushed off by the brakeman, then you should find the defend-
ant not guilty, unless the evidence shows that the brakeman had been
authorized by the company to put the trespasser off the train,"
though subject to slight criticism in form, is, in substance, approved.

Action on the case for personal injuries. Appeal from the Circuit
Court of Fayette County; the Hon. TRUMAN E. AMES, Judge, presiding.
Heard in this court at the February term, 1905. Reversed and re-
manded. Opinion filed September 8, 1905.

BROWN, BURNSIDE & BULLINGTON, for appellant; JOHN G.
DRENNAN, of counsel.

ALBERT ROE, for appellee.

MR. JUSTICE MYERS delivered the opinion of the court.

In this action appellee seeks to recover damages of ap-
pellant under the allegation that he was a passenger in the
caboose of appellant's train and that the conductor, brake-
man and other servants of appellant wilfully, recklessly
and wantonly pushed and kicked him off while the train
was running at a rapid rate of speed and that in conse-
quence he was permanently injured. The second count of
the declaration contains substantially the same allegations
except that any act on the part of the conductor is omitted.
The jury returned a verdict finding defendant guilty as
charged in the first count and assessed damages at $850.
From a judgment on the verdict the defendant appealed to
this court.

On the morning of June 24, 1904, appellee went from
Petoka, where he lived, to Vandalia, on a through freight
train over appellant's road. He paid no fare. He arrived
about nine o'clock, got drunk within an hour, when the city
policeman, moved by sympathy for his friends, no doubt,
and regard for the public weal, suggested temporary retire-
ment and a few hours rest. He was put in a calaboose and
kept there until three o'clock in the afternoon, when he
was released. Immediately he got out he sought the solace
of the saloon and by the copious use of intoxicating liquor
he was soon restored to the delectable condition of the
morning. So the evidence abundantly proves. Before

starting home he went to the drug store and got a half gallon jug of whisky. He then went back to the saloon and got a quart bottle of whisky. With this cargo of liquor in full storage above and below hatches, he headed for the train about four o'clock in the afternoon. The bottle of whisky rolled off and was lost. When he reached the caboose it was north of the depot. He went aboard and put the jug of whisky on the seat in the corner. Soon after the caboose was moved onto the siding just south of the depot, uncoupled from the train, and left there for sometime while the crew were engaged in switching. While the caboose stood there appellee got off, but just before the train pulled out he got upon the front end. As the train left the station and while moving he fell off or was thrown off and injured. There is a sharp conflict of testimony upon vital questions in this case, and the circumstances in contradiction or corroboration of witnesses testifying are such that the instructions of the court upon material issues should be correct. The appellee testifies that he was a passenger standing upon the front end of the caboose ready to pay his fare, and that the brakeman Bennett, an acquaintance, without provocation, without word of complaint or reason stated or known to appellee, kicked and pushed him from the train while it was in rapid motion. Two other witnesses standing upon the street near where he fell testify in corroboration. Bennett testifies positively that he did not see appellee, that he was standing on the rear platform when the train left the station and at the time given for the supposed occurrence, and knew nothing of the accident until the train reached Petoka. In this Bennett is corroborated by Knight, another brakeman, and to some extent by other witnesses and circumstances proven. This will be sufficient statement of the facts to indicate clearly the conflict in the evidence upon material issues and the necessity for substantially accurate instructions as to the law.

Error is assigned upon the action of the trial court in giving the plaintiff's sixth instruction and refusing defend-

ant's ninth. Argument of counsel is chiefly directed to this point. The plaintiff's sixth given instruction is as follows: "The court instructs the jury in this case, that if you believe from the evidence, that plaintiff was a passenger upon the train in question, and that the servants of the railroad company operating said train wilfully and wantonly or recklessly threw, cast or pushed the plaintiff from said train, whilst the same was in motion, thereby injuring the plaintiff, alleged in the declaration, then and in such case, the jury may award in addition to the actual damages, if any be shown, other and further damages as a punishment such as are known as vindictive damages." Under the evidence in this case the instruction is erroneous and misleading. The plaintiff testifies that he was put off by the brakeman. He does not attribute to the conductor any act or part in what was done. From aught that appears in evidence the conductor was in nowise connected with the wrongful act complained of. It being the act of a brakeman, the appellant cannot be held liable to vindictive damages, whatever the wilfulness and wantonness in the treatment of appellee, without proof that the brakeman was acting within the line of his service or duty. To bind the railroad company it must affirmatively appear that the brakeman was its agent in the wilful and wanton act. In doing that which is authorized or directed by the principal the agent exercises the will and intent of the principal, and if under such authority and direction the agent acts in a wilful or wanton manner to the injury of another, the law holds the principal responsible, and punitive' or vindictive damages may be imposed. It has been held in this State that authority in a brakeman to put a trespasser off a freight train will not be presumed, but must be proved. C. & W. I. R. R. Co. v. Ketchem, 99 App. 660; I. C. R. R. Co. v. King, 179 Ill. 91. Much less may it be presumed' that he has such authority respecting passengers rightfully on the train, and, upon reason, much more will it be required that this authority be shown. The right of a passenger to compensatory damages for mistreatment by em-

ployees of whatever grade or service, is based upon an entirely different principle from that upon which punitive damages may be allowed or recovered. The jury were instructed that they had a right to punish the defendant under their finding that plaintiff was a passenger. Whether anything was added to the assessment by reason of this instruction it is impossible to determine, but certain it is, that an erroneous suggestion of the court by instruction that the defendant may be punished for the act of its servants was not calculated to allay prejudice or reduce the damages. The refusal of defendant's ninth instruction was manifest error. It reads: "The court instructs the jury, that if you believe from the evidence, that Luther M. Black got upon the train in question without any intention of paying his fare but intending to beat his way, and that he was put off or pushed off by the brakeman, then you should find the defendant not guilty, unless the evidence shows that the brakeman had been authorized by the company to put the trespasser off the train." This instruction is subject to criticism in not stating that the plaintiff would be a trespasser under the facts to be found, before applying that term in the concluding part. On the whole it embodies a correct statement of a proposition that should have been submitted to the jury in this case. The evidence that appellee was a passenger and entitled to the protection of passengers, is not conclusive. He did not pay his fare or offer to pay it. He was not inside the caboose, the place provided for passengers, though the train had left the station. One witness testifies that he was taken from the empty coal car in front of the caboose. He did not pay fare on his trip down, which was proper evidence as tending to show his intention on this occasion. All these facts and circumstances were proper for the consideration of the jury in determining whether or not he was a passenger or mere trespasser. The instruction should have been given. To withhold it in this state of the evidence was prejudicial to the right of appellant to a fair and impartial trial. If appellee was a passenger and injured in the man-

ner alleged and as he testifies, he is entitled to recover, and under the evidence we should not regard the sum allowed by the jury as excessive. The fact of his intoxication before, at the time, and subsequent to his injury, is material only as affecting his knowledge and recollection of what was done and his testimony respecting the circumstances under which he was injured. For the errors discussed the judgment of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*