### Illinois Central Railroad Company v. Luther M. Black.

CROSS-EXAMINATION—*latitude allowed upon, in attacking credibility of a witness.* Great latitude is allowed upon cross-examining a witness where his credibility is questioned, and in this connection it is competent to elicit the interest of the witness in the result of the case and his feelings towards the parties to the controversy.

Action in case for personal injuries. Appeal from the Circuit Court of Fayette County; the Hon. TRUMAN E. AMES, Judge, presiding. Heard in this court at the August term, 1906. Affirmed. Opinion filed March 15, 1907.

BROWN, BURNSIDE & BULLINGTON, for appellant; JOHN G. DRENNAN, of counsel.

E. B. SPURGEON, F. M. GUINN and ALBERT & ROE, for appellee.

MR. PRESIDING JUSTICE CREIGHTON delivered the opinion of the court.

This was an action in case, in the Circuit Court of Fayette county, by appellee against appellant to recover for a personal injury sustained by appellee. Trial by jury. Verdict and judgment in favor of appellee for $900.

The declaration alleges that appellee was a passenger in the caboose of one of appellant's trains, and that the conductor, brakeman and other servants of appellant wilfully, recklessly and wantonly pushed and kicked him off while the train was running at a rapid rate of speed and that in consequence he was seriously and permanently injured. The declaration in another count contains substantially the same allegations, except that any act on the part of the conductor is omitted. This case was before this court at a former term, on appellant's appeal. We then considered the case fully, discovered material error in one instruction on behalf of appellee, and in the court's refusal to give one asked on behalf of appellant; and for these errors we reversed the judgment of the Circuit Court and remanded the cause. The case was again tried in the Circuit Court, resulting in a verdict in favor of appellee. This verdict was set aside by agreement and a new trial awarded. And at the last May term of the Circuit Court the case was once more tried resulting as in each of the former trials, in a verdict in favor of appellee, and is now again before us on appeal by appellant.

Counsel for appellee say: "This case was before this court once before on almost the same evidence as is this time before the court. There is again some conflict in the evidence." In our former opinion, reported in 122 Ill. App., 439, we discussed the evidence and expressed our conclusion

as follows: "If appellee was a passenger and injured in the manner alleged and as he testifies, he is entitled to recover, and under the evidence we should not regard the sum allowed by the jury as excessive. The fact of his intoxication before, at the time, and subsequent to his injury, is material only in affecting his knowledge and recollection of what was done and his testimony respecting the circumstances under which he was injured." On this appeal the record comes to us purged of the errors that condemned the former judgment, and unless new ones have intervened, the present judgment should be affirmed.

During the progress of the trial, appellant introduced Ed. Bowden as a witness. Bowden was one of appellant's conductors, and was in charge of the train at the time appellee was injured. On cross-examination, counsel for appellee asked him: "Q. You have taken a good deal of interest in this case, haven't you and don't you?" "A. Oh, not in particular." "Q. You took a good deal of interest in it, didn't you, at the last term of the court?" "A. No, sir." "Q. Do you know a juror by the name of Sawyer at the last term of court?" "A. I know him when I see him." "Q. That man rides up and down on the train a good deal without paying his fare, don't he?" Counsel for appellant objected and the court sustained the objection. "Q. I will ask you if that man Sawyer hadn't ridden a great many times with you prior to the time he sat on the last jury, without paying his fare?" Counsel for appellant objected. Objection sustained. "Q. During the trial of the case at the last term, when the jury was permitted to separate, at supper and at noon —." Counsel for appellant objected. Objection sustained. "Q. I will ask you if you did not have a conversation with this man Sawyer while he was acting as a juror, in a saloon down here, right opposite the Dieckman House?" Counsel for appellant objected. Objection sustained. And counsel for appellee stated to the court: "We have a right to show this man's interest," and to the witness: "Q. Didn't you take this man Sawyer into a saloon at the supper hour, before the case closed and talk to him privately and treat him and then

Illinois Central R. R. Co. v. Black.

go out and talk to him privately, to that juror?" Counsel for appellant objected, and the court sustained the objection. Thereupon counsel for appellee stated to the court in the presence of the jury: "We propose to prove by this witness, for the purpose of showing his interest, manifested by him in the trials of this case, the same as have the right to prove by any witness when he goes on the stand, that he has been officious. I now propose to prove by this witness, that at the trial of this case, at the February term of this court last, that this witness took one of the jurors serving as a juror in this case, into a saloon here, treated him, talked to him privately, and was in private conversation with that juror during the trial of that case." Counsel for appellant objected. Objection sustained.

The asking of the above quoted questions is assigned and urged as reversible error. Counsel say: "Our Supreme Court has held that repeated offers in the presence of the jury to prove incompetent matter is reversible error; that counsel have no right to get before the jury indirectly what they cannot prove directly." Without stopping to discuss the extent to which counsel's proposition is sound, or the circumstances under which it might be applied, it is sufficient to note here, that it does not apply in this case. The witness being cross-examined was an important witness in appellant's behalf, had given material testimony against appellee and prior to the asking of the questions complained of had said he had not taken any particular interest in the case, and that he did not take a good deal of interest in it at the last term of court. This made specific inquiry as to his conduct in respect to the case and his connection with it both proper and competent as part of the further cross-examination. While answers to the questions would have had no direct bearing on the merits of the controversy, they would have disclosed the interest of the witness in the result of the case and his feelings toward appellee, and thus affect the weight of his testimony. Ray v. Bell, 24 Ill., 444 (450–451). "For the purpose of attacking the credibility of a witness, great latitude is allowable on cross-examination, and

questions may be asked which are wholly irrelevant to the matter in issue, in accordance with the rule, that anything tending to show bias or prejudice on the part of the witness, or anything which shows his friendship or enmity to either of the parties is commonly a proper subject of inquiry," on cross-examination. Encyc. of Evidence, vol. 3, p. 849. The error of the trial court with respect to the questions complained of and the matter proposed to be proved by that witness on his cross-examination, was in sustaining appellant's objections.

Counsel complain of three instructions given on behalf of appellee. We are of opinion that the law applicable to the facts of this case is stated with substantial accurary in these instructions, and the jury was not, and could not have been, misled by them.

We find no material error to the prejudice of appellant, in this record.

The judgment of the Circuit Court is affirmed.

*Affirmed.*