# SWIFT & CO.

*v.*

## VINCENTZ RUTKOWSKI.

*Opinion filed October 19, 1899.*

1. VARIANCE—*a variance should be taken advantage of at the trial.* A party who fails to object to evidence when offered, on the ground of variance, and to point out such variance, waives the objection.

2. PLEADING—*pleading to merits waives right to move to eliminate counts as insufficient.* A defendant, after pleading to the merits, cannot question the sufficiency of the counts of the declaration by a motion to eliminate them from the case or to exclude the evidence from the consideration of the jury.

3. APPEALS AND ERRORS—*when refusal to instruct jury to disregard counts is not reversible error.* The court's refusal to instruct the jury to disregard counts of the declaration is not reversible error when it contains one or more good counts sufficient to sustain the judgment to which the evidence is applicable.

4. SAME—*whether verdict is against weight of evidence is not for the Supreme Court.* Whether a verdict in a suit at law is against the weight of evidence presents a question for the determination of the Appellate Court, but not for the Supreme Court.

5. SAME—*question of proximate cause of injury is one of fact.* Whether the negligence of the defendant was the proximate cause of the injury complained of is a question of fact settled by the Appellate Court's judgment of affirmance, where there is evidence tending to sustain such finding.

6. EVIDENCE—*permitting exhibition of injury is not ground for reversal, in absence of abuse of discretion.* In the absence of abuse of discretion, a ruling of the circuit court permitting the defendant, in an action for personal injuries, to exhibit his injured arm to the jury, will not be disturbed by the Supreme Court.

7. TRIAL—*one cannot complain of rulings in his own favor.* An appellant cannot complain of remarks made by opposing counsel in his closing argument, where the objection of appellant's counsel thereto was sustained by the court.

*Swift & Co.* v. *Rutkowski,* 82 Ill. App. 108, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. GEORGE A. TRUDE, Judge, presiding.

This was an action brought by appellee, a minor aged fourteen years, against Swift & Co., to recover for a personal injury received while in the employ of the defendant at its packing house at the Union Stock Yards in Chicago, on the 30th day of June, 1892. A trial before a jury resulted in a verdict and judgment for plaintiff of $5000, which, on appeal, was reversed in this court on account of an erroneous instruction. (*Swift & Co.* v. *Rutkowski,* 167 Ill. 156.) The cause having been remanded, a second trial resulted in a verdict and judgment for plaintiff for $2200, which was affirmed in the Appellate Court, and the defendant appealed to this court.

On the second trial the cause was submitted to the jury on a declaration consisting of five counts. The second count, filed January 28, 1896, charged the defendant with failure to use due care to employ a sufficient number of fellow-servants for plaintiff. The first count, filed July 15, 1897, charged defendant with not using due care to supply plaintiff with a sufficient number of fellow-servants; that plaintiff notified defendant of that fact; that defendant promised plaintiff to furnish a sufficient number of fellow-servants; that plaintiff relied on the promise; that defendant failed to keep the promise. The second count, filed July 15, 1897, charged the defendant

with failure to use due care to furnish plaintiff with sufficient help; that plaintiff notified defendant of that fact; that defendant insisted plaintiff must do his work alone and urged on plaintiff to his work, and that plaintiff, on being so ordered by defendant, obeyed defendant and returned to his work, and that defendant failed to furnish the necessary additional help. The third count, filed July 15, 1897, charged the defendant as in the preceding second count, and adds thereto the promise of defendant to furnish additional help, and that it failed to keep the promise, and that plaintiff was ignorant of the dangers of doing the work alone. The fourth count charged defendant with failure to furnish plaintiff with sufficient help; that it was dangerous for plaintiff to do his work alone; that he was ignorant of the dangers; that defendant failed to notify, instruct and warn plaintiff of the dangers of his work. All the counts allege that plaintiff was injured by reason of the several acts of negligence charged. To all the counts the defendant filed the general issue.

In the opinion of the Appellate Court the leading facts established on the trial are stated, as follows: "Appellee's work consisted in cutting with a knife a thin fell, about the thickness of a newspaper, which lies over the fat of the peck, (a part of the paunch,) and then pulling off the fat with the hands. The pecks were trimmed while lying on the floor, and while trimming the appellee ordinarily stood in a stooping position, with his face toward the floor and his eyes and attention directed there upon his work. Appellee had worked for appellant, trimming pecks, for about a month previous to the accident. For the first two weeks of his employment three boys were trimming pecks. For the next two weeks two boys, one of whom was the appellee, trimmed the pecks until about three hours before appellee's injury, when appellee was required to do the work alone. On this latter point there is a conflict in the evidence, but we think it justifies a finding that at the time appellee was injured he

was working alone trimming pecks and by direction of appellant's foreman, and that while working alone he could not and did not keep up the work and gradually fell behind, until, while doing his work and in the usual stooping position, he was struck in the back by a carcass of beef which was being hoisted from the floor onto a hoist, and a knife held by appellee in his right hand was driven into his left arm, cutting it so severely that he is unable to use it and is permanently injured. It is further shown that with two or three boys trimming pecks the work was always safe to do and entirely free from danger, because such a number of boys was sufficient to keep the work up and be always thirty or forty feet away from the men moving or lifting the carcasses of beef or doing other work whereby the boys trimming pecks might be struck and injured. One boy could not safely do the work alone, because he could not work rapidly enough to keep the work up and would fall behind. As he fell behind the work became dangerous because of his coming in close proximity to the men moving and hoisting the carcasses of beef, and the liability to be thereby struck or hit by a moving carcass while working with a sharp knife used in trimming pecks. It is further shown, as we think, by the preponderance of the evidence,— at least it is not against the manifest weight of the evidence,—that the failure to employ another boy to trim pecks at the time appellee was injured was the proximate cause of his injury; that the appellee was injured through no fault of his own; that he did not appreciate or understand the danger to which he was exposed while trimming pecks alone; that appellant knew appellee was left alone at the time he was injured; that appellee went to Ledo Young, the foreman of appellant, and objected to doing the work alone, and Young promised to get more help; that Young did not do so, and appellee again went to Young and asked for additional help, and that Young told him that he (Young) would help him; that appellee,

relying thereon, returned to his work; that no help was furnished, and shortly thereafter appellee was struck by a swinging carcass of beef and severely injured."

JOHN A. POST, and O. W. DYNES, for appellant.

E. S. CUMMINGS, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

It is first insisted that there was a variance between the declaration and the evidence, and on that ground the court should have excluded from the consideration of the jury the second count of the declaration of January 28, 1896, and the second and fourth additional counts of July 15, 1897. At the close of plaintiff's evidence defendant's counsel moved the court "to eliminate these counts from the consideration of the jury, and to exclude all evidence in the case as to these counts, upon the ground of variance," which motion the court overruled. It is a well settled rule that a party desiring to take advantage of a variance between the declaration and the evidence should object to the evidence when offered and point out wherein the variance consists, so that the other party may amend the declaration and thus avoid the objection. If this course is not pursued the objection to the evidence will be regarded as waived. (*Swift & Co.* v. *Madden*, 165 Ill. 41; *Westville Coal Co.* v. *Schwartz*, 177 id. 272.) Moreover, the plaintiff did not rely exclusively on the counts objected to, but relied on other counts of the declaration under which it is not pretended the evidence was inadmissible. If the evidence was admissible under any one count of the declaration it could not be excluded. The rule laid down in *Chicago, Burlington and Quincy Railroad Co.* v. *Warner*, 108 Ill. 538, applies here. It is there said (p. 548): "It is also contended the plaintiff failed to prove his case as laid in the declaration, and that the court therefore erred in not excluding the evidence from the jury. We do not concur in this view. The mistake of appellant on

this branch of the case is in assuming that appellee bases his right of recovery exclusively upon 'the original improper construction of the car.' It is true the declaration proceeds upon this theory, but not upon this theory alone, for, as already shown, it is expressly averred in the amended declaration that it was the duty of the defendant 'to furnish for the use of its employees properly and carefully constructed cars, with end ladders, side handles and steps attached thereto,' and the declaration further on expressly negatives the performance of this duty. This being so, the plaintiff was not bound, at his peril, to prove both branches of his case. It was sufficient if he proved either. It is a familiar doctrine of the law that all torts are severable, and therefore, in an action *ex delicto*, it is immaterial that all the averments of the declaration are not proved as laid. It is sufficient if such of them as are so proved show a good cause of action. Applying this principle to the question in hand, the position of appellant is clearly not tenable. To the suggestion the declaration was fatally defective, and the motion to exclude the evidence should therefore have been sustained, it is sufficient to say that the defendant, by pleading to the merits, admitted the sufficiency of the declaration, and it is not readily perceived how its sufficiency could be subsequently raised by a mere motion to exclude the evidence from the jury. We are aware of no practice authorizing such a course. If the defendant desired to question the sufficiency of the declaration it should have demurred, or moved in arrest of judgment. (*Chicago, Burlington and Quincy Railroad Co.* v. *Harwood*, 90 Ill. 425; *Roberts* v. *Corby*, 86 id. 182.) Having done neither, it is unnecessary to determine whether the plaintiff was bound to aver in the declaration he had no notice of the defective construction of the car, as the declaration was clearly sufficient after verdict." Here, as in the case cited, the defendant pleaded to the counts in question, and their sufficiency cannot be raised by motion to elimi-

nate them from the case or exclude the evidence from the consideration of the jury.

It is also claimed that the court erred in refusing to instruct the jury to disregard the second additional count of the declaration, filed January 28, 1896, and the second and fourth additional counts filed July 15, 1897. It is conceded that the declaration contains one or two counts which are good and to which the evidence is applicable, and that these counts, or one of them, are sufficient to sustain the judgment. Where such is the case, it was expressly held in *Consolidated Coal Co. of St. Louis* v. *Scheiber*, 167 Ill. 539, that the refusal of the court to instruct the jury is not reversible error. The same rule was declared in *Chicago and Alton Railroad Co.* v. *Anderson*, 166 Ill. 575, and the rule established in those cases must control here.

It is argued at some length in the briefs that the verdict is against the weight of the evidence. That was a question properly before the Appellate Court, but it does not arise here.

It is also claimed that the alleged insufficiency of help was not the proximate cause of plaintiff's injury. Upon an examination of the evidence bearing on this question it will be found that it fairly tends to prove that if more help had been furnished to assist in the work plaintiff was required to perform, as the evidence tends to prove appellant promised appellee should be furnished, appellee would have been removed from the place where the beef was hoisted, and hence would not have been exposed to the danger which resulted in the injury. But however that may be, whether the negligence of appellant was the proximate cause of the injury was a question of fact, which was settled by the judgment of the Appellate Court affirming the judgment of the circuit court. *Pullman Palace Car Co.* v. *Laack*, 143 Ill. 242, and cases cited.

It is also claimed that the court erred in allowing the appellee to exhibit his injured arm to the jury. Whether the trial court will permit an injured limb to be exhib-

ited to the jury for any proper purpose is a matter within the discretion of the court, (*Chicago and Alton Railroad Co.* v. *Clausen,* 173 Ill. 100,) and unless there has been an abuse of discretion the ruling of the circuit court will not be disturbed. Here it is manifest, in view of the verdict, that no injury resulted from the ruling of the court on the question.

Objection is made to certain remarks of counsel for appellee in his closing argument to the jury. The record shows that the objection of appellant's counsel was sustained by the court. The ruling of the court, therefore, being in appellant's favor, appellant cannot be heard to complain.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*