The Chicago and Alton Railway Company

*v.*

Anna Sloan Walker.

*Opinion filed October 24, 1905.*

1. Railroads—*when person is a passenger.* One holding the return coupon of a ticket purchased by her from the agent of the railroad company, and who goes to the company's depot for the purpose of taking the train to her destination, is a passenger and entitled to all the rights and privileges of the same.

2. Same—*duty of company to keep waiting room open.* It is the duty of a railroad company to furnish a suitable waiting room for its passengers and to keep the same open for all trains which stop there regularly or on signal to receive passengers.

3. Same—*right of passenger to enter waiting room.* A passenger finding the waiting room at a station locked upon going there at night is not required to question the authority of a person who comes and unlocks the door and lights the lamps, but may lawfully enter the room without thereby becoming a trespasser.

4. Same—*what tends to show cause of action against railroad.* Proof that the plaintiff came at night to defendant's waiting room with a ticket, intending to take a train; that she was admitted to the room by the village marshal, who unlocked the door according to his custom; that she was injured without her fault by a fall due to a hole in the waiting room floor, which had been there a long time with the agent's knowledge, tends to establish the liability of defendant and makes the question one for the jury.

5. Evidence—*physician may use a skeleton in explaining testimony.* A physician testifying as to the injury to plaintiff's ankle may use a skeleton of a human foot in explaining to the jury the location of the various bones and ligaments of the ankle.

Appeal from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Grundy county; the Hon. S. C. Stough, Judge, presiding.

This is an action on the case brought by appellee, against the appellant, to recover for personal injuries alleged to have been sustained by reason of catching the heel of her shoe in

a hole in the floor of appellant's depot at Braceville, Illinois, causing her to fall out of the door onto the platform.

On May 8, 1903, the appellee lived at Gardner, and purchased a round-trip ticket to Braceville for the purpose of visiting her brother. She intended to return to her home upon a train which left Braceville at 11 :02 P. M. Her brother and two little girls accompanied her to the depot, which they found dark and locked. The train which she expected to take stopped only upon signal, and her brother had taken a lantern for this purpose. Shortly after their arrival the village marshal came to the depot and unlocked the door of the waiting room with a key which he had in his possession. The party entered the room and the marshal lit a lamp or lantern which was in the room. When the train whistled, the brother and the two children went out on the platform and were followed by the appellee and the marshal. There was a hole in the floor of the waiting room about two inches wide and several inches long, opposite and near the door, and as appellee passed out the heel of her left shoe caught in the hole and she fell through the door to the platform and was injured. Upon a hearing before the court and a jury, judgment was rendered in her favor for $4000, which has been affirmed by the Appellate Court, from which order of affirmance this further appeal has been prosecuted.

C. W. Brown, for appellant.

E. L. Clover, for appellee.

Mr. Justice Wilkin delivered the opinion of the court:

At the close of appellee's evidence, and again at the close of all the evidence, the defendant made motions to instruct the jury to find it not guilty, which were refused, and that ruling is assigned as error. As often said, the only question for our consideration under this assignment is whether or

not there is any evidence at all in the record fairly tending to support the verdict.

There is no substantial conflict in the testimony, which shows that on the morning of the accident appellee purchased a round-trip ticket from appellant's agent, as stated above. She used half of the ticket and had the other half in her possession when she, her brother and the children went to the depot. She was therefore at the depot rightfully as a passenger and was entitled to all of the rights and privileges of the same. (*Wabash, St. Louis and Pacific Railway Co.* v. *Rector,* 104 Ill. 296; *Illinois Central Railroad Co.* v. *Treat,* 179 id. 576.) The train did not stop at that station except upon signal, and the depot was dark and the door locked. Her brother started to find the marshal, indicating that he knew how to get into the depot at that time, and that the officer had a key. How he knew this fact does not appear nor is it material. The marshal came before he was found by the brother, and opened the door with the key which he had in his possession, as above stated. He testified that he received the key from his predecessor in office the third day of May of the same year, and that two or three days afterward he again received it from the station agent of the defendant. He was then asked what the agent said to him at the time the key was delivered to him; what his habit and custom was with reference to passengers waiting at the depot for this train; whether he was in the habit of opening and lighting the station for passengers before the day in question, and whether he received any compensation from the appellant for such services, but objections were sustained to all these questions. The station agent testified that he did not know the marshal had a key and he never had any conversation with him in reference to it, and that no arrangements were made by the defendant for passengers waiting for this train. He also testified that on at least two occasions during his service for the company he had seen light in the depot after he had closed and left it for the night, and he made no inquiries as

to how these lights came to be there. He was asked if he did not state in a certain conversation that the marshal offered him the key on one occasion and said he did not want to keep it any longer, and answered, "It is true and isn't true; I did not say that." The evidence shows, without contradiction, that the hole in the floor had been there for a long time, and the station agent himself testified that he had seen it at least three hundred times each day. The appellant claims that the evidence fails to show that the marshal had authority to open the depot building, and that it is not therefore responsible for his act in doing so; that if the door had not been opened the injury would not have occurred. There was certainly some evidence fairly tending to prove that the marshal had the key to the waiting room and opened the door with the knowledge and consent of the defendant. In fact, we think the evidence fully justified the jury in reaching that conclusion. It was the duty of the appellant, under the law, to furnish a suitable waiting room for its passengers and to keep the same open for all trains which stopped there, either regularly or on signal, to receive passengers. The room in question was provided for that purpose, but a dangerous hole was allowed to remain in the floor, which must have been known to render the floor dangerous to persons using the room. Appellee was rightfully in the room. She was in no sense a trespasser or an intruder therein. When the door was opened she had a lawful right to enter, without questioning the authority of the person who opened it. There is nothing to show that she was not in the exercise of due care for her own safety or was in any way to blame for the accident. Evidence was offered by the plaintiff to prove the particular circumstances and conditions under which the key was left with the marshal, a part, at least, of which was, we think, improperly excluded. Notwithstanding the exclusion of such testimony there was sufficient evidence tending to support the plaintiff's cause of action and the verdict of the

jury. The court, therefore, properly refused the motion to withdraw the case from the jury.

Physicians who testified on behalf of the plaintiff were permitted, over the objection of the defendant, to use the skeleton of a human foot in explaining to the jury the location of the various bones and ligaments of the ankle, and this, it is said, was error, though the point does not seem to be seriously urged. We think the ruling of the court in that regard was unobjectionable. The skeleton itself was not offered in evidence, but was simply used by the expert witnesses to illustrate their testimony. The court might, in its discretion, have permitted the plaintiff to exhibit her injured ankle to the jury and allowed physicians to explain from it the nature and character of the injury. (*Swift & Co.* v. *Rutkowski,* 182 Ill. 18; *Chicago and Alton Railroad Co.* v. *Clausen,* 173 id. 100.) It was equally proper to use the skeleton for the purpose of explaining the testimony. Even if the skeleton has been improperly used, no substantial injury could have resulted therefrom to the defendant, as its counsel had full opportunity to cross-examine the witnesses.

Complaint is made of the refusal of the trial court to give to the jury three instructions asked by appellant. The first was intended to tell the jury that there was not sufficient evidence to authorize them to find that the marshal had authority to open and light the station. It was very properly refused. There being evidence tending to prove that fact, the question was for the consideration of the jury, and not within the province of the court. The second and third were to the effect that if the appellee entered the station after the same had been locked, through a door which had been unlocked by some other person than an authorized agent of appellant, then appellee cannot recover. The refusal of these two instructions was not error, for the reason that the court did, at appellant's request, instruct the jury that if the depot was not opened by authority of defendant, and plaintiff entered

217—39

the waiting room without authority or invitation or consent of defendant, she could not recover. This was substantially the same proposition embraced in the two instructions refused, and was fully as favorable to the company as the law would justify.

It is suggested that the amount of damages awarded is excessive, but as this is a question conclusively settled by the judgment of the Appellate Court it is not open to inquiry here.                                                                            \

We find no reversible error in the record, and the judgments of the circuit and Appellate Courts will be affirmed.

*Judgment affirmed.*