**John Allison, Appellee, v. Electric Coal Company, Appellant.**

1. VERDICTS—*when not disturbed.* A verdict will not be set aside on review as against the weight of the evidence unless clearly and manifestly so.

2. EVIDENCE—*when admission of substantive, proper.* It is within the sound discretion of the trial judge whether or not he will permit a plaintiff suing for personal injuries, to remove his clothing and exhibit such injuries to the jury.

3. NEW TRIAL—*when newly discovered evidence not ground for.* Newly discovered evidence is not ground for a new trial if cumulative in character and was, during the trial, within the control of the party subsequently seeking to present it.

Action in case for personal injuries. Appeal from the Circuit Court of Vermilion county; the Hon. M. W. THOMPSON, Judge, presiding. Heard in this court at the May term, 1909. Affirmed. Opinion filed October 25, 1909.

O. M. JONES and CHARLES TROUP, for appellant; MAS-
TIN & SHERLOCK, of counsel.

WALTER V. DYSERT, for appellee; THOMAS A. GRA-
HAM, of counsel.

MR. PRESIDING JUSTICE BAUME delivered the opinion
of the court.

This is a suit by appellee against appellant to re-
cover damages for personal injuries, wherein appellee
recovered a verdict and judgment for $3500. The
case was submitted to the jury upon the first and two
additional counts of the declaration. The first count
alleges the wilful violation by appellant of the provis-
ions of paragraph "b" of section 18 of the Mines and
Miners Act, and the two additional counts allege com-
mon law negligence.

Appellee, a night laborer, employed in the coal mine
of appellant, was seriously and permanently injured
about twelve o'clock, midnight, on February 24, 1908,
by the falling of a large rock from the roof of an en-
try in which appellee was then walking to his destina-
tion in another part of the mine where he had been
directed to do some work.

It is persistently insisted on behalf of appellant that
the verdict of the jury is against the clear preponder-
ance of the evidence.

Appellee testified that the rock fell upon him with-
out any warning whatever, and that he had not been
in that part of the mine for two weeks prior to the
accident. Fred Staunton, a witness called on behalf
of appellee, testified that on the night of the accident
he was driving a mule in appellant's mine; that he
heard appellee calling and went to the place where the
rock had fallen and found appellee lying under the
rock; that he ran for help and with the assistance of
Roy Ogle, Jack Muller and George Marshall lifted the
rock off of appellee; that subsequently at the request
of Henry, the night boss, he returned to the entry for

the purpose of breaking up the rock, which he did
with the assistance of Roy Ogle; that when the rock
was turned over they found a cross-mark upon it in-
dicating a dangerous condition; that the rock was un-
supported by any props or cross-bars; that some time
prior to the accident he saw the rock supported by
several cross-bars about eighteen inches apart, which
had been hitched into the sides of the entry; that on
Saturday night, February 22, when he was driving a
mule in the entry in question, he noticed that the cross-
bars which had previously been under the rock had been
removed and that some dirt had fallen from the roof;
that he tested the roof and found it loose, and that
the rock dipped down from six to eight inches.  W.
B. Reed, called as a witness on behalf of appellant,
testified that he was mine manager of appellant's mine;
that he went through the entry where appellee was
injured on the 24th day of February about nine or
ten o'clock in the forenoon and about one o'clock in
the afternoon; that there were no cross-marks on the
rock, and the rock was solid; that the cross-bars which
had previously been under the roof of the entry at the
place in question were placed there for the purpose of
driving nails and hanging strings for sights and not
for the purpose of supporting the roof; that the rock
which fell upon appellee was bellied down or sagged in
the center and had been in that condition for some
time; that a part of the rock had already fallen down
and that it was the only rock that was not timbered.
William McFadden, employed by appellant as its mine
examiner, testified that he examined the roof of the
entry in question by sounding it with a rod and found
it solid; that he did not place any cross-marks on the
rock.  The cross-examination of this witness, however,
tended somewhat to weaken the effect of his testimony
on direct examination.  John Henry, employed by ap-
pellant as a night boss, testified that he saw no cross-
marks upon the rock.  Upon his cross-examination he
testified that he passed through the entry a night or

two before appellee was injured and the rock then looked rather suspicious; that it was lower in the centre than it was at the edges and had worked away from the edges along the sides of the entry. He further testified that it was his duty to keep the time of the men employed in the mine and that he kept the same in a book, from which it appeared that the witness, Staunton, did not work in the mine on February 22. Sam Dixon, employed by appellant as a day man, testified that there was no cross-mark on the rock; that the rock was not timbered, and was the only rock that was not timbered. John Hayes, who was employed by appellant as its boss-driver, testified that he saw the rock every day and that he saw no cross-mark upon it. It was admitted by appellee that if Roy Ogle was present as a witness at the trial he would testify that he had assisted in removing the rock which fell upon appellee, and had then carefully examined the same to ascertain if there were any cross-marks upon it indicating a dangerous or loose condition, and that there were no such marks thereon. Appellant introduced in evidence the timebook kept by the witness, Henry, whereon a cipher appeared under the date of February 22, opposite the name of the witness Staunton, as indicating that Staunton did not work in the mine on that day. It is claimed by counsel for appellee that there are changes and erasures apparent upon the face of the timebook, wherein the time of the witness Staunton purports to have been kept.

The duty imposed upon this court to examine questions of fact and to determine from the record whether or not the verdict of a jury upon an issue of fact is against the manifest weight of the evidence, is one which this court is frequently called upon to exercise, and where it is apparent from the record that the jury have been actuated by passion or prejudice in arriving at their verdict, or have failed to weigh the evidence by the application of well-recognized and established rules, it does not hesitate to set aside such ver-

dict. A very careful examination of the evidence as it appears in the record compels us to the conclusion that we would not be warranted in holding that the verdict of the jury in this case is against the clear preponderance of the evidence and palpably wrong. Whether or not the rock in question had upon it a cross-mark indicating a dangerous condition is not controlling. It is uncontroverted that the rock was not timbered, that it sagged in the centre, that its edges had the appearance of having separated from the sides, and that this condition had existed for a sufficient length of time prior to the injury to appellee to charge appellant with notice that it constituted a dangerous condition.

The testimony of the witness Staunton, the truth of which was a question for the jury, established a right of recovery under the first count of the declaration, and the trial court did not err in refusing to give the peremptory instruction offered by appellant.

It is urged that it was error to permit appellee to remove his clothing and exhibit his injured back to the jury. The propriety of this action was within the sound discretion of the trial court and there was no abuse of such discretion in this case. C. & A. R. R. Co. v. Walker, 217 Ill. 605; Swift v. Rutkowski, 182 Ill. 18.

The third instruction given at the instance of appellee is similar in form to the first instruction given on behalf of appellee in Mertens v. Southern Coal Co., 235 Ill. 540, and there approved. The sixteenth instruction offered by appellant and refused by the court was covered by the fifth instruction given at the instance of appellant, and the eighteenth instruction offered by appellant and refused by the court was covered by the twelfth and thirteenth instructions given at the instance of appellant.

It is further urged that the court improperly denied appellant's motion for a new trial, which motion was based upon alleged newly discovered evidence of other

timebooks from which it appeared that the witness Staunton was not working in the mine on the night of February 22. This alleged newly discovered evidence was within the control of appellant during the trial and was merely cumulative in its character. The trial court did not err in refusing to grant the motion for a new trial.

There is no error in the record and the judgment of the Circuit Court will be affirmed.

*Affirmed.*