Reed v. Hearst's Chicago American, 162 Ill. App. 287.

---

Benjamin F. Reed, Appellant, v. Hearst's Chicago American, Appellant.

Gen. No. 15,511.

1. MASTER AND SERVANT—*when negligence to fail to warn. Held,* that a cause of action on the part of the servant was shown in that without instruction and without warning, he, being a minor, was ordered to work on a particular portion of a press where he was subject to special dangers which were not obvious to him, and that the master was negligent in failing to inform him of the special dangers to which he was subjected.

2. MASTER AND SERVANT—*when doctrine of assumed risk does not apply.* The doctrine of assumed risk does not apply where a servant is injured as the result of a special danger, knowledge of which he did not have and could not have acquired by the exercise of ordinary care,

3. TRIAL—*what conduct of judge not prejudicial. Held,* that the conduct of the trial judge in making repeated complaints in the presence of the jury in regard to the consumption of time in the trial of the cause was not improper or prejudicial.

4. TRIAL—*what conduct of counsel and judge not prejudicial. Held,* that the suggestions of the court and counsel for the successful party, made in the presence of the jury, in regard to the location of certain

lights at the place where the plaintiff was injured and that it was a proper matter for agreement between counsel, were not so improper as to call for a reversal.

5. TRIAL—*duty of judge to pass upon and not postpone determination of issues presented by motion for peremptory instruction.* It is the duty of the trial judge to hear argument and pass upon, at the time when made, a motion for a peremptory instruction properly interposed.

6. TRIAL—*when improper question of counsel will not reverse.* In the absence of prejudice appearing the asking of an improper question will not reverse where objection thereto was sustained.

7. APPEALS AND ERRORS—*when assignments of error upon instructions not considered.* Assignments of error predicated upon instructions will not be considered in the absence of specific objections and arguments made in the brief.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Affirmed. Opinion filed May 31, 1911. Rehearing denied and opinion modified and refiled June 16, 1911. *Certiorari* denied by Supreme Court (making opinion final).

**Statement by the Court.** The plaintiff, appellee, was employed by the defendant, Hearst's Chicago American, appellant, in its press room as a carrier of papers from a table located at the end of the carrier to a dummy elevator near by. He had worked in that capacity for upwards of four months before the accident hereinafter described. At the time of the accident he was working under the directions of his foreman as a fly boy, taking papers off from a revolving cylinder in a printing press and carrying them and piling them on a table. The plaintiff lost his hand in the press while working as a fly boy on the south half of press known as Number 6 in appellant's press room. The press upon which the plaintiff was injured was a double or twin press, located in the rear of the large press room of appellant. On each side of the double press was a large cylinder, about thirty inches long and eighteen inches in diameter, and two sets of small folding rollers about four inches in diameter. These cylinders and rollers extended in an easterly and westerly direction. The proper place for the fly boy to perform his work was on the north side of the north half of the press,

or on the south side of the south half of the press, and as he stood at his work he would be located about five feet from the large cylinder on either half of the press.  On the north side of the north half of the press, just immediately below and slightly in front of the center of the large revolving cylinder, were located two small folding rollers.  Under the folding rollers was located a carrier, which extended toward the north about five feet and carried out the papers that came through the folding rollers.  The large revolving cylinder and the small folding roller on this side of the press revolved so that the bottom of the small roller and the bottom of the large cylinder came out towards the operator.  On the south side of the press, just immediately below and slightly in front of the perpendicular center of the large revolving cylinder, there was a small folding roller, and the cylinder and roller revolved toward each other.  Under the folding rollers was also located a carrier extending toward the south about five feet, which carried out the papers from the folding rollers. Immediately in front of the horizontal center of the large cylinder, on the south half of the press, was located a cutting cylinder, about one-half the size in diameter of the large cylinder, so that only a part of the top and bottom of the large cylinder was visible.  The greater part of the top and bottom of this large cylinder when in operation was covered with a continuous sheet of paper twenty-one inches wide, which came down over the south surface of the cylinder.  Appellee's hand was caught between the bottom of the large revolving cylinder and the top of the small folding roller on the south side of the south half of the press.

On the day of the accident, after the usual work had been finished, at the direction of the foreman the persons in charge of the press undertook the experiment of putting new leaves of paper through the press.  While doing this work the press was run at a slow speed.  While the machine was being operated on slow speed the papers were more apt to roll around the cylinder, the machinery working somewhat differently on slow speed than on full speed, and the papers have a tendency to lag around as they are carried around the roller, and

have to be removed by hand. On this day appellee was sent to work at the Franklin street press room, and was directed by foreman Morrison to carry papers away from the press in the rear of the room. After the run was off and the work finished foreman Clark said to appellee: "While we have a little time we will try a few leaves through the press." Foreman Morrison then placed appellee at work on the north side of press 6, and told him to keep the papers out of the folder so that they would not wind around the roller, "and in case the fly boy wants to be relieved you relieve him." After appellee had worked about twenty minutes as fly boy on the north side of press 6 he was sent to relieve the fly boy on the south side of the press. After he had been at work there from five to ten minutes, in removing the paper out of the folder so that it would not wind around the roller his hand was caught between the large cylinder and the small roller underneath it and crushed. He had never worked as fly boy on the south side of the press before the occasion of his injury.

Appellee was given no instructions as to the manner in which he was to do the work, nor was he informed of the difference in the operation of the machinery on the south side of the press from that on the north side. There was no danger of his hand being drawn in between the cylinder and roller on the north side of the press, for the reason that they turned outwardly, toward him. On the south side of the press they revolved from him, and there was danger of his hand being drawn in between the roller and the cylinder.

A trial was had before court and jury, which resulted in a verdict and judgment in favor of appellee against appellant for $10,000, and appellant prosecutes this appeal to reverse the judgment.

FRANK M. COX, R. J. FELLINGHAM and DARROW, MASTERS & WILSON, for appellant.

JOHN S. HUMMER and CHARLES A. McDONALD, for appellee.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

The appellant has favored the court with a very elaborate and clear argument, in which many grounds for reversal are urged, based upon the contributory negligence of the plaintiff; the assumption of risk by the plaintiff; that the verdict was against the weight of the evidence; that appellant's rights were prejudiced by the trial court's repeated complaints in the presence of the jury as to the consumption of time in the trial of the cause while producing its evidence, and by suggestions in the presence and hearing of the jury that the location of the lights at the place where appellee was injured was a proper subject-matter of agreement between counsel; and in permitting counsel for the plaintiff to offer in the presence of the jury to have the jury go upon the premises and view the same with reference to the situation and lights. Alleged improper remarks by counsel for appellee during the trial, and in the argument of the case, are also relied upon as grounds for reversal.

We have studied with care the evidence in the case and the arguments of counsel, and without taking up the evidence in detail or entering into a particular discussion of the same, we are of the opinion that a cause of action on the part of appellee was shown, in that without instruction and without warning, appellee, a minor, was ordered to work on the south half of the press, where he was subject to special dangers which were not obvious to him, and that appellant was negligent in failing to inform appellee of the special dangers which the revolving cylinder and rollers created when appellee was removing paper from the roller. There is no controversy in the evidence as to the fact that he was taken from a comparatively safe position on the north side of the press and transferred to doing the same kind of work on the south side of the press, but under conditions which made the work far more dangerous than he had been accustomed to. He testifies that he did not know and was not informed that the large cylinder and the roller were revolving from him in-

stead of toward him, and that the action of the machine
would tend to draw his hand in between the bottom of the
large cylinder and the top of the roller underneath, unless
great care and dexterity were used by him in removing the
paper which he was ordered to remove from the roller. The
questions of negligence of appellant, and contributory negli-
gence of appellee, were for the jury to decide under the con-
ditions and circumstances shown. Am. Ex. Co. v. Risley,
179 Ill. 295.

In our opinion the plaintiff, appellee, cannot be held to
have assumed the additional risks of the work upon the south
half of the machine, when, as he testifies, he did not know
the direction in which the cylinder and roller were revolving
until he was injured. According to the evidence, there was
imperfect light thrown upon the machine from the south
side, and appellee states in his evidence that he was unable
to see and did not know the direction in which the cylinder
and the roller were revolving. We do not think that we
would be justified in finding the facts on this issue in the
case different from the finding of the jury. We see nothing
unreasonable in the plaintiff's testimony and in his theory of
the case, that by the exercise of ordinary care and without
any information or caution on the part of appellant's fore-
man he might not notice and did not know of the danger
attendant upon his work on the south side of the press. He
had been there but a few moments prior to his injury. Cobb
Chocolate Co. v. Kundson, 207 Ill. 452; Ide v. Fratcher, 194
id. 552.

It is urged that appellant's rights were unduly prejudiced
by the repeated complaints of the court in the presence of
the jury in regard to the consumption of time in the trial
of the case by appellant in producing its testimony. Upon
an examination of the record as set forth in the abstract, we
do not find anything improper or unusual in the remarks of
the court upon this subject, and clearly they do not consti-
tute reversible error.

While we think that the suggestions of the court and coun-
sel for appellee in regard to the location of the lights at the

place where appellee was injured, and that that was a proper matter for agreement between counsel, might more properly have been made out of the hearing of the jury, and perhaps not in the presence of the jury, still we cannot say that there was reversible error in the suggestions made by court or counsel upon that subject.

At the conclusion of appellee's evidence in chief, appellant in writing moved the court to direct a verdict of not guilty, and tendered to the court an instruction in writing to that effect. Thereupon, after considerable argument between the court and counsel, the court suggested that he was called upon to decide a legal proposition which required the study of authorities and instructions on various points of law, and in order to avoid taking the time to decide the questions involved in the instruction at that stage of the trial, suggested that he would overrule the motion for the instruction and mark the instruction "Refused" without argument, provided the plaintiff would enter into a stipulation with the court that in case the court should submit the case to the jury and a verdict should result in favor of the plaintiff, if the court should on the motion for a new trial become convinced that an error had been committed in not taking the case from the jury, the court might make up a record at that time showing that the court did, at the conclusion of the plaintiff's evidence, instruct the jury to find the defendant not guilty, and that the jury did so find, and upon such agreement on the part of plaintiff's counsel the court would defer the full consideration of, and a ruling on the motion to take the case from the jury and order the trial to proceed. Counsel for appellant objected to this manner of proceeding, and now urges that the appellant was injured by the fact that the court did not pass upon the motion for peremptory instruction upon a full consideration of the case, but overruled the motion for the instruction in form, reserving the real question for further argument. The court then called plaintiff to the bar of the court, over the objection of counsel for appellant, and entered into a stipulation with plaintiff as the court had suggested, and the court then

agreed with plaintiff and his counsel that he would not then pass upon the motion, but reserve it for some future stage of the case, and treat the motion at that time as having been decided at the proper time and before defendant's evidence was presented to the jury. Notwithstanding the stipulation thus insisted upon and entered into between the court and appellee and his counsel that the trial might proceed in that manner and upon those conditions, counsel for appellant insisted upon arguing his motion for a peremptory instruction, and while the court listened to him, counsel for appellant now insists that it was not with a mind open to conviction, and that appellant lost the benefit of a proper hearing and decision of the motion at the time it was made.

To state the matter mildly, the course pursued by the court was unusual, extraordinary, and without any legal right. Appellant was entitled to a full hearing upon the motion presented, for the purpose of having the question considered by the court at that time. Appellant's rights were preserved for review, we think, by the formal action of the court in overruling its motion, and we are unable to see that upon the facts of this case any material rights of appellant were lost by the extraordinary and legally impossible scheme or plan of the court to avoid deciding the motion at the time it was made, in the ordinary way of trials at law. But the record shows that the court did hear argument of appellant's counsel at length and ruled on the motion, and thereby appellant's rights were preserved, and gave the motion all the consideration to which it was entitled.

It is insisted on behalf of appellant that the court erred in refusing to give to the jury instructions 26, 27, 28, 30, 36 and 37. We find in appellant's brief, however, no specification of reasons or specific grounds for claiming that the instructions should have been given in view of the evidence and the other instructions in the case. And we do not regard it as the duty of the court to take up the general objection raised by counsel for appellant to the action of the court in the refusal of instructions, in the absence of specific objections and arguments made in the briefs.

Reed v. Hearst's Chicago American, 162 Ill. App. 287.

It is alleged that counsel for appellee made improper and prejudicial remarks during the course of the trial in the presence and hearing of the jury, and also improper and prejudicial arguments in his address to the jury. And it is urged in support of this contention that a number of photographs were brought to the attention of the jury during the examination of appellee's witnesses and put in evidence, showing the character of the machine upon which appellee was injured. And notwithstanding the fact that the photographs made the questions being tried in respect to the location of the rollers and the operation of the machine clear, as it is urged, counsel for appellee stated in the hearing and presence of the jury that he was willing to have the jury go to the Franklin street plant and look over the machine in question, and that this statement necessarily placed appellant's counsel in a position before the jury where they had either to accede to the offer on the part of counsel for appellee or decline it. It is urged also and the record shows that the court was favorably disposed to this offer and practically indicated that it would be a good idea for the jury to see the machine. It was claimed that the jury were likely to draw the conclusion that appellant had something to conceal and was not honest in its efforts to present the facts to the jury, since its counsel was compelled for good reasons in open court and in the hearing of the jury to decline to agree to have the jury view the premises and the machine. We do not regard the statements and offers of counsel as reversible error.

It is further suggested in argument by the appellant that counsel for appellee used unwarranted and prejudicial language, in which he reflected upon appellant and its counsel in the presentation of the case, and quotes in his argument the language objected to. We have read the language quoted as used by counsel in argument. We think it was of an improper character and was subject to the criticism made upon it by counsel for appellant. But the court sustained counsel's objection to the language used, and, we think that the sustaining of the objection by the court, under the circum-

296        APPELLATE COURTS OF ILLINOIS.

Lapin v. Northwestern Elev. R. Co., 162 Ill. App. 296.

stances of this case, removed any wrong impression which was conveyed to the jury by the language of counsel. We cannot consider it as reversible error. Swift & Co. v. Rutkowski, 182 Ill. 18.

Finding no reversible error in the case, and no reason for disturbing the finding of the jury, the judgment must be affirmed.

*Affirmed.*